William Clyde **WRIGHT**, Appellant,

v.

**B. J. RHAY**, Superintendent of the Washington State Penitentiary at Walla Walla, Washington, et al., Appellees.

No. 18135.

United States Court of Appeals
Ninth Circuit.

Nov. 21, 1962.

William Clyde Wright, in pro. per.

John J. O'Connell, Atty. Gen. of State of Washington, Olympia, Wash., for appellees.

Before JERTBERG, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

Appellant sought leave to file a complaint in forma pauperis purporting to allege a cause of action under the Civil Rights Act (42 U.S.C.A. §§ 1981, 1983, 1985 and 1986), and naming as defendants the Chief Justice of the Washington State Supreme Court, the Attorney General and Assistant Attorney General of the State, and the Superintendent of the Washington State Penitentiary. The complaint alleged that the Supreme Court of Washington denied appellant's request for the appointment of counsel to present his petition for habeas corpus, although permitting counsel for respondent to appear and argue; and that the Supreme Court of Washington sustained a "demurrer" to appellant's petition although Rule 7(c) of the Washington Rules of Civil Procedure had abolished "demurrers." The District Court directed the Clerk to file the complaint without payment of fees but denied appellant's motion to proceed in forma pauperis on the ground that the action was frivolous. We interpret the District Court's order as a denial of the motion for leave to commence the action in forma pauperis, and its order permitting the complaint to be "filed" as intended simply to provide a complete record of the action taken.

The District Court "may" authorize the commencement of a civil action in forma pauperis, and thereafter "may dismiss the case * * * if satisfied that the action is frivolous." 28 U.S.C.A. § 1915(a), (d). It follows that the District Court was authorized to deny leave to proceed in forma pauperis at the outset if it appeared from the face of the proposed complaint that the action was frivolous. Cf. Loum v. Underwood, 262 F.2d 866 (6th Cir. 1959); Taylor v. Steele, 191 F.2d 852 (8th Cir. 1951);

Huffman v. Smith, 172 F.2d 129 (9th Cir. 1949). This authority is to be exercised with great restraint, and generally only where it would be proper to dismiss the complaint sua sponte before service of process if it were filed by one tendering the required fees. See Harmon v. Superior Court, 307 F.2d 796 (9th Cir. 1962). This was such a case.

Appellant's motion in this Court for "default judgment" is denied. The judgment of the District Court is affirmed.