**Ardis O. SMART, Appellant,**

v.

**Robert A. HEINZE, Warden, Folsom Prison, Represa, California, Appellee.**

**No. 19735.**

United States Court of Appeals Ninth Circuit.

May 19, 1965.

Rehearing Denied June 21, 1965.

---

Ardis Oliver Smart, in pro. per.

Thomas C. Lynch, Atty. Gen., of Cal., Doris H. Maier, Asst. Atty. Gen., of Cal., Edsel W. Haws, Deputy Atty. Gen., of Cal., Sacramento, Cal., for appellee.

Before HAMLIN, BROWNING and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

Appellant is a prisoner incarcerated in Folsom Prison. On July 20, 1964, appellant filed a complaint in the United States District Court for the Northern District of California, Northern Division, pursuant to the Civil Rights Act, 28 U.S.C. § 1343 and 42 U.S.C. § 1983, seeking damages and other equitable relief against the warden of Folsom Prison, appellee herein. In his complaint it is alleged that appellant prepared a petition for habeas corpus to be submitted to the United States District Court for the Northern District of California, Northern Division; that the resident notary public at the prison refused to notarize the petition upon the ground that it was not prepared on forms as required by Rule ND5 of the Rules of Practice of that court; that thereafter appellant attempted to mail the petition without notarization; and that the petition was not mailed, but was returned to him by prison officials on the ground that it did not comply with the requirements of Rule ND5 in that it was not prepared in the questionnaire form required by the Rule.[1]

---

1. Rule ND5 of the United States District Court for the Northern District of California, Northern Division.

"1. Petitions for a writ of habeas corpus and motions filed in the Northern Division of this Court pursuant to 28 U.S.C. § 2255 (attacking a sentence imposed by this Court), by persons in custody, shall be typewritten (unless it is affirmatively made to appear that typing facilities are not available), signed and verified. Such petitions and motions shall be on forms supplied by the Court, copies of which are hereto appended. The instructions on said forms shall be strictly followed.

"2. Petitions and motions shall be addressed to the Clerk of the U. S. District Court for the Northern District, Northern Division, 650 Capitol Avenue, Sacramento, California. Petitioners shall send to the Clerk an original and one copy of the completed petition or motion form. No petition or motion shall be addressed to an individual judge, petitions shall be directed to the Clerk of the Court for assignment pursuant to the

At the time of filing of the complaint in the district court, appellant also moved for permission to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. On July 20, 1964, the District Court for the Northern District of California, Northern Division, entered its memorandum decision and order denying appellant's motion to proceed with the action *in forma pauperis*. The court, by order dated July 29, 1964, denied appellant's motion for a rehearing. This court on December 7, 1964, authorized appellant to prosecute this appeal *in forma pauperis*, and has jurisdiction to hear this appeal under 28 U.S.C. § 1291.

■■ To proceed *in forma pauperis* is a privilege not a right. Clough v. Hunter, 191 F.2d 516, (10th Cir. 1951). It is the duty of the District Court to examine any application for leave to proceed *in forma pauperis* to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed *in forma pauperis*. Tate v. People, et al., 187 F.2d 98 (9th Cir. 1951); Huffman v. Smith, 172 F.2d 129 (9th Cir., 1949); Meek v. City of Sacramento, 132 F.Supp. 546 (N.D.Cal.1955).

■ The granting or refusing of permission to proceed *in forma pauperis* is a matter committed to the sound discretion of the district court. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963). The latitude of discretion accorded the ruling of the district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials connected with the institution in which they are incarcerated.[2]

■ The substance of appellant's complaint is that the warden of Folsom Prison will not permit application for writs of habeas corpus to be notarized or mailed unless they are completed on forms provided under Rule ND5 of the District Court for the Northern District of California. Rule ND5 was adopted by that court on April 20, 1964, and provides that petitions for a writ of habeas corpus by persons in state custody shall be on forms supplied by the court. This rule, as are all such local rules of the various district courts, was promulgated pursuant to 28 U.S.C. § 2071 and Rule 83 of the Federal Rules of Civil Procedure. The authority to promulgate a rule such as Rule ND5 and its validity is beyond dispute.[3]

The petition for a writ of habeas corpus which petitioner presented for notarization and mailing was not on the forms prescribed by the rules of the district court. Instead of using the forms therefor as provided by the rule, appellant filed a suit for damages against the warden.

The court below, in its memorandum decision and order stated:

> "Rule ND5 was imposed by this Court, not the defendant, and the assailed conduct on the part of defendant was solely for the purposes of complying with and implementing this Court's resolution. Accordingly, no valid claim has been stated against the defendant."

We agree. We see no impropriety in the action of the prison officials in this case in following the rules of the court. Appellant's complaint was patently frivo-

---

rules of this Court, provided that motions under 28 U.S.C. § 2255 shall, if possible, be assigned to the sentencing judge."

2. Weller v. Dickson, supra. See the concurring opinion by Duniway, Circuit Judge, therein, where it is stated—
   " * * * [W]hen the action is a civil suit by a state prisoner against his jailers, whether under the Civil Rights Act or not, the district court should have, and

has, a broad discretion, and can deny leave to proceed in forma pauperis even though the complaint does state a claim for relief, if the court is of the opinion that the plaintiff's chances of ultimate success are slight."

3. Appellant has filed in this court a motion "to declare Rule ND5 unconstitutional and repugnant to Federal Court Rules," which motion has been denied.

lous. We hold that the district court did not abuse its broad discretion in denying appellant's motion to proceed *in forma pauperis.*

Judgment affirmed.