**Calvin C. SHOBE, Appellant,**

v.

**The PEOPLE OF the STATE OF CALIFORNIA et al., Appellees.**

**No. 19455.**

United States Court of Appeals
Ninth Circuit.

May 24, 1966.

Rehearing Denied June 21, 1966.

Certiorari Denied Oct. 10, 1966.

See 87 S.Ct. 185.

Calvin C. Shobe, in pro. per.

Thomas C. Lynch, Atty. Gen. of California, Edsel W. Haws, R. W. Tochter-

---

man, Deputy Attys. Gen., Sacramento, Cal., for appellees.

Before POPE, HAMLEY and KOELSCH, Circuit Judges.

PER CURIAM.

Calvin Coolidge Shobe, an inmate, in the penitentiary of the State of California, at Folsom, has appealed from an order of the district court denying him leave to commence and prosecute in forma pauperis a suit under the Civil Rights Act against the Warden, the State Director of Corrections, and several other State officers.[1] The ground of the ruling was, in substance, that the action was frivolous.

Shobe's claim appears to be that the defendants, acting under the supposed authority of certain prison rules and regulations, seized and withheld his moneys and other property, that they unduly restricted him from associating with other prisoners and communicating with persons outside the prison and that they punished him and forfeited his good time credits for violating the said rules.

■ By the proposed complaint he sought damages in a large sum against the defendants and an injunction against their enforcement of the rules; additionally he asked that the court declare void the said rules, together with their enabling act and the so-called "civil death" statutes of California. The granting or refusal of the privilege created by 28 U.S.C.A. § 1915 to commence and prosecute a suit in forma pauperis is a matter within the court's discretion. This court has held that the discretion to deny state prisoners the privilege is "especially broad" in civil actions against their wardens and other officials connected with the institution in which they are incarcerated. Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965). The basis for this additional latitude is no doubt the two policy considerations mentioned by Judge Duniway, concurring in Weller v. Dickson, 314 F.2d 598, 604 (9th Cir. 1963):

"(1) that it would be disruptive of prison discipline to permit such a suit to proceed while the prisoner is still in custody, whether the prisoner be a federal convict or a state convict, and

(2) that in the case of state convicts the maintenance of such suits in federal courts would produce unseemly conflict between federal courts and state authorities."

We think that, tested by this standard, the ruling of the district court did not constitute an abuse of discretion.

■ Shobe's action, so far as it sought injunctive and declaratory relief, was frivolous. He does not assert that the statutes and regulations were or are invoked by the defendants to hamper or prevent his access to the courts with respect to any criminal matter; he simply alleges that the defendants have applied them to curtail his liberty in the penitentiary. The general rule, applicable to these facts, is that a federal court has no power to control or regulate the internal discipline in state penitentiaries. Hatfield v. Bailleaux, 290 F.2d 632 (9th Cir. 1961).

■ Nor do there appear "exceptional circumstances" [Weller v. Dickson, supra, 314 F.2d p. 600] with respect to the matter of damages that would dictate immediate litigation at the expense of others. He will lose no right to sue for the statute of limitations is tolled until his release. Cal. CCP 352(3); Leeper v. Beltrami, 53 Cal.2d 195, 1 Cal.Rptr. 12, 347 P.2d 12, 77 A.L.R.2d 803 (1959).

The order is affirmed.

POPE, Circuit Judge.

I concur in the Court's opinion.

I should like to add that in my view appellant, who claims in one place in his pleadings to have $6000 owing to him, and in another place to be holder of a check for $3000, who does not assert that either the debt or the check is worthless, makes mockery of the processes of the court by demanding a free ride.

1. This order, being final, is appealable. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963).