Jerome JENKS, Appellant,

v.

Garrett HENYS, Director Department of Institutions, Olympia, Washington, et al., Appellees.

No. 21457.

United States Court of Appeals
Ninth Circuit.

May 25, 1967.

Judgment of dismissal reversed; denial of motions affirmed.

Jerome Jenks, in pro. per.

John J. O'Connell, Atty. Gen., Olympia, Wash., for appellees.

21. See notes 8 and 9.

Before BROWNING, DUNIWAY, and ELY, Circuit Judges.

PER CURIAM:

On May 26, 1966, Jenks, a Washington State prisoner, filed in the District Court a civil complaint under the Civil Rights Act (42 U.S.C. § 1985(3), 28 U.S.C. § 1343) against four officials of the State Department of Institutions, Henys, Director of the Department, Gahagen, former Associate Superintendent of the State Prison, Rhay, Superintendent of the Prison, and Delmore, Supervisor of the Division of Adult Corrections. He charges them with conspiracy to deprive him of his constitutional rights by intercepting and refusing to mail two letters addressed by him to the Supreme Court of Washington. He says that each letter "pertained to [his] legal actions." No other particulars are given. Summons has neither been issued nor served; no defendant has appeared.

■ On June 15, 1966, Jenks filed a "Motion for Order Allowing the Plaintiff the Personal Possession of his Legal File." On June 29, 1966, he filed an "Affidavit of Default," seeking the default of three of the defendants, and on July 6, 1966, a similar affidavit as to the fourth defendant, together with a motion for default judgment against the first three defendants. On July 11, a similar motion was filed as to the fourth defendant. On July 25, the court, on its own motion, entered the order appealed from. It states that "no federal question has been presented," and orders the complaint and all motions dismissed. We construe the order as a final dismissal of the action. The dismissal of the action was error.

■ The complaint purports to state a claim within the jurisdiction of the court. We have held that the constitution forbids state prison officials from denying prisoners reasonable access to state courts. Stiltner v. Rhay, 9 Cir., 1963, 322 F.2d 314, 316. Thus the action was within the court's jurisdiction and the complaint does shadow forth a claim under the Civil Rights Act, however imperfectly. Under these circumstances, our decision in Harmon v. Superior Court, 9 Cir., 1962, 307 F.2d 796, is controlling.

 The court did not err, however, in denying the motions. As to the motion regarding the legal file, we need only cite Stiltner v. Rhay, supra, 322 F.2d at p. 315. The affidavits for default and motions for default are obviously improper, Jenks mailed a copy of the complaint to defendant Rhay, but not to the other defendants, upon whom no service has been made. As to Rhay, such purported service is insufficient. Jenks is entitled, however, to have summons issued and served under Rule 4, F.R.Civ.P., upon payment of the appropriate fees.

The judgment of dismissal is reversed. Denial of the motions is affirmed.