**Elmo WILLIAMS, Appellant,**

v.

**H. V. FIELD et al., Appellees.**

**No. 21492.**

United States Court of Appeals
Ninth Circuit.

April 29, 1968.

Rehearing Denied May 27, 1968.

**330**

Elmo Williams, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Brian Amer, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and POWELL, District Judge.

ELY, Circuit Judge:

The appellant is a California state prisoner. Invoking the Civil Rights Act, 42

U.S.C. § 1981 et seq., and 28 U.S.C. §§ 1331, 1343(3), he instituted suit against a number of state officials of the institution in which he is confined. He made numerous charges, some of which, even if true, would not support his action. He did, however, generally allege that the defendants had conspired to, and did, confiscate and destroy certain of his personal property consisting of "legal documents, letters, etc.," thus wrongfully preventing his access to the courts and frustrating efforts to gain his freedom. These allegations did "shadow forth a claim under the Civil Rights Act, however imperfectly." Jenks v. Henys, 378 F.2d 334, 335 (9th Cir. 1967).

With his complaint, the appellant filed a petition, with supporting affidavit, "for leave to proceed in forma pauperis." The District Court authorized that the complaint be filed without requiring prepayment of the ordinary filing fee. It ordered that issuance of summons be withheld, however, and dismissed the complaint [1] upon the ground that "[t]he records and files of this court do not sustain the gravamen of the complaint submitted for filing in forma pauperis * * *." Williams appeals.[2]

While the appellees have not here urged that the District Court made its order of dismissal in reliance upon the provisions of 28 U.S.C. § 1915(d), it is apparent to us that it did so. Under the cited subsection, the court "may dismiss" a civil suit commenced in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." There is no suggestion that Williams' allegation of his own poverty was "untrue." Hence, we may affirm

---

1. The appellees argue "that the order of the district court dismissing the complaint, without dismissing the action, was not an appealable order." As we did in *Jenks*, "[w]e construe the order as a final dismissal of the action." 378 F.2d at 335.

2. Following the District Court's dismissal of appellant's complaint, appellant filed a document entitled "IN REPLY TO ORDER TO DISMISS COMPLINT [*sic*]."

The District Court treated this document as a petition for rehearing and denied it as such. Subsequently, the district judge also entered an order which certified that in his opinion appellant's appeal from the dismissal was without merit and was not taken in good faith and which, therefore, denied appellant leave to proceed with an appeal in forma pauperis, citing 28 U.S.C. § 1915. Our court, however, did thereafter grant such leave.

only if the District Court, in a proper manner, "satisfied [itself] that the action * * * [was] frivolous or malicious."

The statute does not prescribe the manner in which the district judge shall become "satisfied," nor is it of aid in supplying a definition of "frivolous or malicious." One judge of our court undertook, in a separate concurring opinion, the enunciation of a rule to be applied only "when the action is a civil suit by a state prisoner against his jailers * * *." Weller v. Dickson, 314 F.2d 598, 604 (9th Cir.) (Duniway, J., concurring), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). Under the rule which Judge Duniway would have adopted, "the district court should have, and has, a broad discretion, and can deny leave to proceed in forma pauperis even though the complaint does state a claim for relief, if the court is of the opinion that the plaintiff's chances of ultimate success are slight." Ibid. The application of such a test would generally divest state prisoners of the privilege of proceeding in forma pauperis in civil actions against their jailers in the federal courts. It is unlikely that a district court, taking a practical outlook, would often reach an opinion from the contents of a convict's complaint alone that his "chances of ultimate success" in his suit against his jailers were better than "slight."

The Civil Rights Act itself does not discriminate in the federal rights which it confers, and 28 U.S.C. § 1915(d) is also apparently intended for uniform application. Notwithstanding these facts, our court "has held that the discretion to deny state prisoners the privilege [to commence and prosecute a suit in forma pauperis] is 'especially broad' in civil actions against their wardens and other officials connected with the institution in which they are incarcerated." Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir.), cert. denied, 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115 (1966), citing Smart v. Heinze, 347 F.2d 114, 116 (9th Cir.), cert. denied, 382 U.S. 896, 86 S.Ct. 192, 15 L.Ed.2d 153 (1965). It

cannot be doubted that there are sound considerations of policy supporting authorization for the exercise of "especially broad" discretion in the particular type of action under consideration. See Shobe v. People of State of California, 362 F.2d at 546.

On the other hand, there is identical language in two earlier opinions of our court which, literally applied, might appear to contain the District Court's discretionary power within narrower limits than the "especially broad" ones to which we have referred. Wright v. Rhay, 310 F.2d 687 (9th Cir. 1962), cert. denied, 373 U.S. 918, 83 S.Ct. 1309, 10 L.Ed.2d 418 (1963); Reece v. State of Washington, 310 F.2d 139 (9th Cir. 1962). The opinions in these two cases, one issued on November 19, 1962, and the other two days later, contain certain common language as follows:

"It follows that the District Court was authorized to deny leave to proceed in forma pauperis at the outset if it appeared from the face of the proposed complaint that the action was frivolous. * * * This authority is to be exercised with great restraint, and generally only where it would be proper to dismiss the complaint sua sponte before service of process if it were filed by one tendering the required fees."

310 F.2d at 140, 687–688. In both cases the District Court had denied the prisoners' respective motions to proceed in forma pauperis on the ground that the actions were "frivolous." Despite the quoted language referred to above, our court affirmed the orders of dismissal in both instances. In his concurring opinion in Weller v. Dickson, 314 F.2d 598 at 604, Judge Duniway characterized the language as "dictum." However characterized, the language in *Wright* and *Reece* has apparently not influenced the direction taken by our court in its treatment of the later cases similar to that with which we are presently concerned. Shobe v. California, supra; Smart v. Heinze, supra; Weller v. Dick-

son, supra. The guidelines of these later cases are obscure, perhaps necessarily so. From them, however, we are able to discern certain views, shared by us, as follows:

(1) The statutory benefit of 28 U.S.C. § 1915, enabling a party, under some circumstances, to proceed in forma pauperis in civil actions in the federal courts, is conferred as a privilege only, not as a matter of right.[3]

(2) Whether to grant or deny the benefit rests within the discretion of the District Court.

(3) An order by which a petition for the privilege has been refused must be affirmed, unless it appears that the discretion was abused.

(4) In our consideration of the claim that the District Court has abused its discretion, it is not inappropriate to consider, along with other circumstances, the fact that the appellant is a state prisoner undertaking to recover money from his custodian, a state official, and that, in the prosecution of his suit, he seeks a special statutory privilege, namely, the financial support of the federal government.

(5) There is less likelihood that there was an abuse of discretion in refusing the privilege if there are no " 'exceptional circumstances' [Weller v. Dickson, supra, 314 F.2d p. 600] with respect to the matter of damages that would dictate immediate litigation at the expense of others." Shobe v. State of California, 362 F.2d at 546 (brackets in original).[4]

[6] In light of the foregoing guidelines, we cannot hold that the District Court abused its discretion in the present case. As indicated previously, the dismissal was based upon the ground that "[t]he records and files of this [district] court do not sustain the gravamen of the complaint * * *." In determining whether the appellant's complaint was frivolous or malicious, it was proper for the District Court to consider its own records and files. See Stiltner v. Rhay, 322 F.2d 314, 316 (9th Cir. 1963), cert. denied, 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed. 2d 615 (1964). In its order of dismissal, the District Court reviewed certain facts revealed by these files and records. It recited that after his conviction and incarceration by the State of California, appellant petitioned the Superior Court of California's San Luis Obispo County for a writ of habeas corpus. That court denied the petition on November 19, 1965, in a three-page order, and the United States Supreme Court denied certiorari. In January 1966, the appellant filed a forma pauperis petition for writ of habeas corpus in the court below. After filing this latter petition, appellant submitted a lengthy "Appendix" for consideration by the District Court. The petition was denied by the District Court on February 9, 1966.

The District Court was therefore in a position to see, as an incontrovertible fact, that from November 1965 until February 1966, at least three courts had given their attention to claims presented by appellant in post-conviction proceedings aimed at effecting his release from confinement. This was the reason, obviously, for the District Court's conclusion that the appellant's complaint, in the instant proceeding, was frivolous. It is true that the complaint alleged that wrongful acts were committed by appellees on July 1st, July 3d, and September 14th, 1966, dates subsequent to the times when appellant's two petitions for habeas corpus had been denied. At the same time, it clearly appears that the gravamen of the complaint was that the appel-

---

**3.** A distinguished authority has expressed doubt that this is true. See Blackman, Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases, 43 F.R.D. 343, 344–351 (1968).

**4.** With reference to this latter consideration, it was emphasized in *Weller* and *Shobe* that the statute of limitations is tolled in favor of a California state prisoner during the period of his confinement. Shobe v. State of California, 362 F.2d at 546; Weller v. Dickson, 314 F. 2d at 601. We are not prepared to agree that, in a case such as this, that principle should have any significance whatsoever.

lees had conspired, prior to July 1965, to deprive appellant of a civil right. Specifically, the deprivation was alleged to have been the "right to seek meanful [*sic*] post-conviction review," and it was from this alleged deprivation that damages were alleged to have resulted. It was apparent to the District Court, from the proper consideration of its own files and records, that the appellant, contrary to his principal underlying allegation, had, in truth, fully exercised and enjoyed the ultimate right of which, from the allegations of the complaint alone, it might have at first appeared that he had been deprived.

Added to the foregoing consideration is the fact that there was nothing before the court which might have required it to determine the existence of "exceptional circumstances * * * with respect to the matter of damages that would dictate immediate litigation at the expense of others." Shobe v. State of California, 362 F.2d at 546.

Affirmed.