Jerry S. DIAMOND, Appellant,

v.

Peter J. PITCHESS, Sheriff, et al.,
Appellees.

No. 22268.

United States Court of Appeals
Ninth Circuit.

April 29, 1969.

Jerry S. Diamond in pro. per.

Thomas C. Lynch, Atty. Gen., Los Angeles, Cal., for appellees.

Before BARNES, DUNIWAY, and ELY, Circuit Judges.

**566**

ELY, Circuit Judge:

Appellant Diamond, presently an inmate of a California state prison, filed a "Complaint for Damages and Injunction for Violation of Civil Rights" against the State of California, the County of Los Angeles, the Sheriff of Los Angeles County, various named deputy sheriffs, and an unnamed male nurse. The complaint alleged numerous acts of mistreatment inflicted upon appellant in 1966 while he was in state custody. The alleged facts would, if true, support Diamond's claim for civil relief against the named individual defendants. *See* 42 U.S.C. §§ 1983, 1985, 1986. *See also* 28 U.S.C. § 1343. On June 5, 1967, the District Court, *sua sponte*, ordered that the complaint be filed without prepayment of filing fees, that no summons issue, and that the action be dismissed. Diamond's appeal challenges the order of dismissal.

■ The District Court has the discretion to dismiss proceedings in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). Diamond's poverty is not in question. We noted in Williams v. Field, 394 F.2d 329, 331 (9 Cir.), cert. denied, 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171 (1968), that the statute does not state how a District Court is to become "satisfied" that a complaint is "frivolous or malicious." We have held that a court may not summarily dismiss an in forma pauperis action without any finding of frivolity or maliciousness whatsoever. Williams v. Dickson, 394 F.2d 627, 628 (9th Cir. 1968); Armstrong v. Rushing, 352 F.2d 836, 837 (9th Cir. 1965). Nevertheless, in making such a finding, a District Court has especially broad discretion in a case wherein a state prisoner seeks to prosecute a civil rights suit in forma pauperis against his keepers. See Williams v. Field, *supra*, 394 F.2d at 331; Shobe v. California, 362 F.2d 545, 546 (9th Cir.), cert. denied, 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115 (1966); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir.), cert. denied,

382 U.S. 896, 86 S.Ct. 192, 15 L.Ed.2d 153 (1965); *cf.* Weller v. Dickson, 314 F.2d 598, 604 (9th Cir.) (Duniway, J., concurring), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). In Williams v. Field, *supra,* we set forth guidelines to aid in determining whether dismissal of a suit such as this is proper. 394 F.2d at 332. Although such guidelines are necessarily general in nature, leaving a broad range of discretion, a court cannot base its dismissal of the civil rights suit of an indigent prisoner upon erroneous grounds. Riley v. Rhay, 407 F.2d 496 (9th Cir. 1969).

■ The District Court, in its order dismissing Diamond's suit, explicitly stated its reason for the dismissal. The order recited that the court had examined, *in camera,* certain reports in the office of the United States Attorney and from these had concluded that "Diamond has not been deprived of any federally protected right." This is an impermissible method of determining the substance or frivolity of the merits of Diamond's allegations. Although a court may take judicial notice of its own records to determine that an in forma pauperis complaint should be summarily dismissed, Williams v. Field, *supra,* 394 F.2d at 332–333, a court cannot dispose of a complaint by weighing its supposed credibility against the supposed credibility of Government reports prepared by persons not subject to cross-examination. In the exercise of its broad discretion to permit or deny in forma pauperis suits by state prisoners, the District Court may resolve factual issues bearing upon that decision only if the allegations lack veracity or legal substance either on their face or in the light of facts properly subject to judicial notice.

The District Court should determine whether or not Diamond's suit, as against the named individuals, should now be dismissed by following the general guidelines set forth in Williams v. Field, *supra,* 394 F.2d at 332.

■ The complaint did not, however, set forth a valid claim against the State of California and the County of Los Angeles. Neither of these government entities is a "person" within the meaning of the Civil Rights Act. *See* Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Dodd v. Spokane County, Washington, 393 F.2d 330, 334–335 (9th Cir. 1968). As it affected these two appellees, the order of dismissal is affirmed.

Affirmed in part; reversed in part.