**Glenn R. BRYANT, Appellant,**

v.

**Walter E. CRAVEN et al., Appellees.**

**No. 23076.**

United States Court of Appeals
Ninth Circuit.

Aug. 25, 1969.

Rehearing Denied Oct. 7, 1969.

Glenn R. Bryant, in pro. per.

John Fourt, Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Sacramento, Cal., for appellees.

Before MADDEN, Senior Judge United States Court of Claims,* and ELY and CARTER, Circuit Judges.

PER CURIAM:

Appellant, a state prisoner, serving a term for robbery in Folsom, sued in the district court for violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983 and § 1986, and other statutes and constitutional provisions seeking damages from various prison officials and an injunction against further misconduct. The district judge allowed him to file and proceed under 28 U.S.C. § 1915, but granted a motion to dismiss on the ground that the action was frivolous and dismissal was required under 28 U.S.C. § 1915(d).

Because of violation of prison regulations, certain law books and materials were taken from appellant's possession in his cell. The record shows that "paper, both legal and regular size" was confiscated, and other books and materials placed in storage but apparently still

---

* Hon. J. Warren Madden.

accessible to appellant for use in the prison library. The prison regulations concerning law books was upheld in Hatfield v. Bailleaux (9 Cir. 1961), 290 F.2d 632, cert. denied 368 U.S. 862, 82 S.Ct. 105, 7 L.Ed.2d 59 (1961).

The denial of an injunction against further acts of the appellees rested in the sound discretion of the district judge. There is no suggestion that the confiscated "legal and regular size" paper did not, and does not, remain available for appellant's use under reasonable regulations.

There was not alleged nor shown any denial of access to the courts, and the extensive briefs filed by appellant in this proceeding, and the voluminous citations contained therein demonstrate no such denial.

The trial court properly dismissed the action as frivolous. Williams v. Field (9 Cir. 1968), 394 F.2d 329.

The judgment is affirmed.