Henry Roy **PURCELL**, Jr., Plaintiff,

v.

**Dr. William C. JOHNSTON and New York State Department of Correction, Defendants.**

No. 69 Civ. 1195.

United States District Court
S. D. New York.

Jan. 9, 1970.

Henry Roy Purcell, Jr., plaintiff pro-se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, Albany, N. Y., for defendants.

OPINION

MacMAHON, District Judge.

Plaintiff, Henry Roy Purcell, Jr., applies under 28 U.S.C. § 1915(d) for assignment of counsel. Although plaintiff was previously granted the right to proceed in forma pauperis, it does not necessarily follow that the court is required to appoint counsel. Miller v. Pleasure, 296 F.2d 283, 284 (2d Cir. 1961), *cert. denied*, 370 U.S. 964, 82 S.Ct. 1592, 8 L. Ed.2d 830 (1962). The statute does not grant indigents the absolute right to counsel in civil cases; nor does it grant the court the power to compel counsel to accept the appointment. Wright v. Rhay, 310 F.2d 687 (9th Cir. 1962), *cert. denied*, 373 U.S. 918, 83 S.Ct. 1309, 10 L.Ed.2d 418 (1963). Rather, in a civil case, the court, in its discretion, may only request counsel to represent an indigent, Rhodes v. Houston, 258 F.Supp. 546, 579 (D.C.Neb.1966), and then only if the likelihood of success is more than just doubtful. Miller v. Pleasure, *supra*; Miller v. Miller, 296 F.2d 283 (2d Cir. 1961), *cert. denied*, 370 U.S. 963, 82 S.Ct. 1591, 8 L.Ed.2d 830 (1962).

The allegations in plaintiff's complaint are purely conclusory, totally unsupported by any statement of even the barest specific facts. The chances of success are so "highly dubious that a judge cannot properly ask a member of the bar to assume this thankless burden." Miller v. Pleasure, *supra*.

Accordingly, plaintiff's application for the appointment of counsel is denied.

So ordered.