John C. COLLINS, Plaintiff-Appellant,

v.

Peter J. PITCHESS et al.,
Defendants-Appellees.

No. 79–3000.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 7, 1980.

Decided April 6, 1981.

Rehearing Denied May 19, 1981.

John C. Collins, in pro per.

Tim Loring, Los Angeles, Cal., for defendants-appellees.

* The Honorable Philip C. Wilkins, Chief Judge of the United States District Court for the Eastern District of California, sitting by designation.

Before BROWNING and POOLE, Circuit Judges, and WILKINS,* District Judge.

POOLE, Circuit Judge:

Appellant, Collins, a prisoner incarcerated in California's Soledad state prison, appeals a judgment dismissing his civil rights complaint against his former custodian without prejudice on the ground that appellant was unable to effectively litigate his action while incarcerated. As the district court erred in dismissing appellant's complaint because of his prisoner status, we reverse.

I

On January 20, 1977, appellant was permitted to file an *in forma pauperis* complaint against his former custodian, Peter J. Pitchess, Sheriff of Los Angeles County. While the district court accepted the complaint, a final determination whether appellant would be permitted to proceed *in forma pauperis* was deferred.

The complaint, purporting to state causes of action under 42 U.S.C. §§ 1983, 1985, alleged that while in appellee's custody, appellant was assaulted by several deputy sheriffs and placed in isolation without cause for five days. Appellant's complaint theorized that these injuries stemmed from appellee's failure to implement policies to protect inmates from violent attacks by deputies, appellee's knowledge of and conspiratorial participation in mistreatment of inmates, and appellee's wilful neglect of duty.

Appellee filed a motion for summary judgment arguing that the complaint failed to state a claim or, in the alternative, was time barred by the three year statute of limitations applicable in civil rights actions. The district court ruled that the complaint was legally sufficient and timely because, under California law, the statute of limitations was tolled while appellant was imprisoned. Summary judgment was denied.

On December 8, 1977, appellee filed a motion to dismiss without prejudice on the ground that appellant was unable to prosecute effectively his action while incarcerated. On February 2, 1978, a magistrate recommended dismissal without prejudice because the case had progressed little since filed and effective prosecution was impossible during appellant's incarceration. The magistrate also recommended that permission to proceed in forma pauperis be denied, relying again on appellant's imprisonment.

The district court adopted the magistrate's findings and ordered that the complaint be dismissed without prejudice to its being refiled after Collins' release from prison. Although the district court's brief dismissal order appears to have adopted all of the magistrate's findings and recommendations, no particular reference to in forma pauperis proceedings is included in the order. A timely notice of appeal brought the case here.

## II

■ The determination in this case, that dismissal was appropriate because appellant's incarceration precluded effective prosecution, was legally erroneous: "the fact that the plaintiff is a prisoner does not deprive him of capacity to sue and is not a ground for dismissal." *Cancino v. Sanchez*, 379 F.2d 808, 809 (9th Cir. 1967); *accord, Wimberly v. Rogers*, 557 F.2d 671, 673 (9th Cir. 1977). Dismissal on the basis of prisoner status was error.

■ Although prisoner status, and the infirmities it engenders, may not provide the basis to dismiss a complaint, that is not to say a prisoner's complaint is totally insulated from dismissal for want of prosecution. Every plaintiff in federal court has a responsibility to prosecute his action diligently. Failure to do so may permit the district court to dismiss. Incarceration does not absolve a plaintiff of this responsibility. In this case, however, the record indicates that Collins has been active in prosecuting his suit, submitting various moving papers to the court and participating in discovery. It may well be, as the magistrate found,

that Collins "lacks the legal skills with which to bring a formidable (and here demonstrably evasive) opponent to grips." But this is a familiar problem to any district court confronted, as here, with a pro se plaintiff. It does not reflect a lack of diligence warranting dismissal for want of prosecution.

## III

Notwithstanding the erroneous reliance below on prisoner status as a basis to dismiss, appellee argues that we may affirm because the district court had discretionary authority to deny appellant the right to proceed in forma pauperis. As we have indicated, there is some uncertainty as to whether the district judge intended to deny appellant an in forma pauperis proceeding. Appellee claims that, even if the district court did not deny such proceedings, it was within the district judge's discretion to do so and we may affirm in light of our power to affirm on any basis apparent in the record.

Assuming appellee accurately describes our power, it is unavailing for, on this record, denial of in forma pauperis proceedings, if that is indeed what the district judge did, would be an abuse of discretion.

■ The district court's discretion to deny a prisoner leave to proceed in forma pauperis against his custodian is broad. *See Shobe v. People*, 362 F.2d 545, 546 (9th Cir. 1966) (per curiam). Reversal will occur only when there has been an abuse of discretion. *See id.*

■ In reviewing exercises of this broad discretion, however, we have never affirmed a denial merely on the basis that the applicant is incarcerated. Rather, there must be something more, such as a determination that no claim has been stated in the underlying complaint. *See, e. g., Williams v. Field*, 394 F.2d 329 (9th Cir. 1968) (no abuse when prisoner alleged denial of meaningful post-conviction review but three courts considered his claims); *Shobe, supra*, 362 F.2d at 546 (no abuse when complaint found to be frivolous); *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963) (no abuse when complaint found to be legally

insufficient). Thus, while prisoner status may be considered in evaluating an *in forma pauperis* petition [*Williams, supra,* 394 F.2d at 332], that status may not provide the sole basis to deny such a petition.

In this case, the district court twice declined to dismiss appellant's complaint, concluding that it stated causes of action under the Civil Rights Act and presented issues of material fact unamenable to resolution by summary judgment. We agree that appellant's claims are not clearly frivolous. In light of that, the only basis left in the record to deny *in forma pauperis* proceedings, and the basis relied upon by the magistrate, was Collins' imprisonment. Exclusive reliance on imprisonment is impermissible and a denial of *in forma pauperis* proceedings on this basis would be an abuse of discretion.

### IV

Reliance by the district court on Collins' imprisonment as the exclusive basis to dismiss his complaint or deny him the privilege to proceed *in forma pauperis* was erroneous. The judgment is reversed with directions to reinstate the complaint.

REVERSED.