**Joseph McINERNEY, Plaintiff,**

v.

**CITY AND COUNTY OF SAN FRANCISCO, et al., Defendants.**

No. C–85–4939 SW.

United States District Court, N.D. California.

May 30, 1986.

Joseph McInerney, in pro. per.

Jennifer Walker, Jedeikin, Connor & Green, Gerald Donnellan, Deputy City Atty., San Francisco, Cal., for defendants.

MODIFIED ORDER AND MEMORAN-
DUM OF LAW GRANTING MOTION
TO DISMISS AND MOTION FOR
SUMMARY JUDGMENT AND IM-
POSING SANCTIONS

SPENCER WILLIAMS, District Judge.

On May 20, 1986, this court heard plaintiff's motion to recuse and motion to reconsider the April 4, 1986, Order and Memorandum of Law Granting Motion to Dismiss and Motion for Summary Judgment and Imposing Sanctions. The motion to recuse is hereby denied, as this court has no bias against plaintiff and in fact has no knowledge of plaintiff other than through this case. In consideration of plaintiff's arguments on May 20, the order of April 4, 1986, is hereby modified to remove the portion of the sanctions that enjoined plaintiff from filing further cases without leave

of court. Specifically, the order of April 4, 1986, is hereby modified to read as follows:

The above-captioned matter came before this court on March 5, 1986, on the motion of defendant City and County of San Francisco to dismiss for failure to state a claim upon which relief can be granted, and on the motion of defendant Ed Wright for summary judgment. This court also considered plaintiff's motion for relief from order extending time.

It is the understanding of this court that plaintiff, who is in propria persona and in forma pauperis, has filed nine separate claims against the City of San Francisco since 1983 and has a large number of cases pending against various defendants in various courts.

The defendants' version of the facts of this case has not been controverted. Plaintiff himself repeatedly points out in his papers that under Local Rule 220–7, factual contentions made in support of or in opposition to any motion must be supported by affidavits or declarations, which must conform to the requirements of Rule 56(e), Federal Rules of Civil Procedure. Plaintiff's Memorandum of Points and Authorities filed February 10, 1986, at 3; plaintiff's Memorandum of Points and Authorities filed December 3, 1986, at 3. Plaintiff has demonstrated that he has read Rule 56(e), which he has quoted in several of his memoranda, and which clearly states that in a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Despite his awareness and support of the rules, Plaintiff has filed no affidavit or declaration pertaining to the facts of this case. Plaintiff has repeatedly insisted that this court adhere strictly to the Federal Rules of Civil Procedure (see plaintiff's Memorandum of Points and Authorities filed November 19, 1985, at 5). Thus this court finds it appropriate to adhere to the rules and accept the facts as defendants present them.

The instant case arises out of a single incident on July 28, 1982, in which plaintiff was asked to vacate a spare bedroom he was subleasing from an ill and elderly woman, Mrs. Penny Bateman, at 93 Berkeley Way, San Francisco. Mrs. Bateman's lease prohibited subleasing. When she discovered that she herself would be evicted unless plaintiff moved out, she told plaintiff he would have to leave. She repeated the request several times, but she was unable to persuade him to vacate. Afraid of plaintiff, worried about losing her subsidized apartment, and convinced that she lacked the time and money to hire a lawyer, Mrs. Bateman asked the apartment administrator, Rev. Ed Wright, to explain the situation to plaintiff. She gave defendant Wright and his witness, defendant Gamble, permission to enter the livingroom of her apartment on the morning of July 28, 1982, to explain to plaintiff why she wanted him to vacate.

Defendants knocked on plaintiff's bedroom door and remained in the livingroom throughout the exchange. Rev. Wright did not identify himself as the apartment administrator but merely as a friend of Mrs. Bateman. He did not identify defendant Gamble, an off-duty police officer who lived in the same building and was wearing civilian clothes at the time. Rev. Wright explained to plaintiff that Mrs. Bateman was in violation of her lease by subletting the bedroom to him, and that she would lose her subsidized apartment if he did not move out. Plaintiff became hostile and announced that he would not vacate, and then he insisted upon calling the police. *Only then* did defendant Gamble identify himself as a policeman.

Plaintiff claims that Wright and Gamble threatened to use violence against him, defamed him, and conspired to deprive him of property without due process of law. He filed this federal claim under 42 U.S.C. § 1983. He seeks $10 million in damages for mental anguish.

■ Under *Monell v. Department of Social Services*, 436 U.S. 658, 692, 98 S.Ct.

2018, 2036, 56 L.Ed.2d 611 (1978), a plaintiff cannot sue a municipality on a civil-rights violation unless he demonstrates that the violation was the result of an official municipal policy. At the very least, the plaintiff must make an affirmative link between the policy and the particular constitutional violation alleged. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985).

■ In his complaint, plaintiff does not allege any official policy encouraging denial of constitutional rights through illegal evictions. In fact, according to declarations filed by defendant City and County of San Francisco, the San Francisco Police Department is not the city agency that enforces evictions. Evictions are enforced by the County Sheriff's Department. Since the complaint contains nothing to suggest that the incident was other than an isolated one unrelated to municipal policy, dismissal of the claim against the city is proper. *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir.1985).

■ As for his claim against defendants Wright and Glenridge Apartments, plaintiff cannot prevail under 42 U.S.C. § 1983 unless he shows that defendants acted under color of state law. *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir.1983). Looking at the totality of circumstances, this court concludes that defendants did not act under color of state law. As stated in the affidavit of Ed Wright:

> It was my practice when going to confront someone in an apartment whom I did not know, to take someone with me to be a witness. In this instance, I asked Dick Gamble to accompany me, as he was available at the time. Mr. Gamble was a tenant at Glenridge Apartments and an officer in the juvenile section of the San Francisco Police Department. I asked Mr. Gamble to be present merely as a witness; I did not ask him to say anything. The fact that Mr. Gamble was a police officer had nothing to do with my reason for asking him to accompany me. Mr. Gamble was dressed in civilian clothes and was off duty when he went to Mrs. Bateman's apartment.

Obviously there could be no color of state law before plaintiff realized Gamble was a policeman. That identification occurred after Rev. Wright had already made his statement, after plaintiff became hostile, after plaintiff stated that he would not vacate, after plaintiff insisted upon calling the police. Even then, the undisputed facts show that defendants never intended to wrap themselves in the authority of the state and never intended to give plaintiff the impression that the San Francisco Police Department wanted him to leave the apartment. Rather, it appears to this court that Gamble was a logical choice to accompany Rev. Wright as a witness on the errand of telling plaintiff that Mrs. Bateman wanted him to vacate. First, he was available because he lived in the building. Second, Rev. Wright knew Gamble and knew he would remain calm when dealing with a possibly unpredictable person whom neither of them had met. If defendants had intended to stamp the imprimatur of the police department on their actions, they would have informed plaintiff earlier than they did that Gamble was a police officer. Or, more likely, Gamble would simply have worn his uniform.

Furthermore, Gamble was involved with plaintiff only very briefly and on only one occasion, and unlike police in *Howerton, supra,* he did not repeatedly intervene to provide the imprimatur of the police department on the eviction process.

■ Plaintiff seeks relief from this court's order granting an ex parte application for extension of time for defendant Ed Wright to answer the complaint. The order was granted because Wright sent the complaint to his employer's insurance carrier, assuming they would handle it. Rerouted, the complaint itself did not reach defendant's counsel for 24 days. This court sees no reason to set aside its order, and therefore plaintiff's application for relief is hereby DENIED.

For the above reasons, this court hereby GRANTS the motion of defendant City and County of San Francisco to dismiss for failure to state a claim upon which relief can be granted, and this court hereby

GRANTS the motion of defendant Ed Wright for summary judgment. The court also hereby grants summary judgment in favor of defendant Glenridge Apartments.

Furthermore, to ensure that justice is dispensed and not perverted, this court feels that it is necessary to take the unusual step of awarding sanctions against a pro per plaintiff. It is no secret that the federal court system is overburdened, and that it is becoming ever more difficult to provide timely adjudications for parties who have suffered real damages and who bring real cases and controversies to court. Unfortunately, very large amounts of the district court's scarce resources are spent dealing with full-time litigants such as Mr. McInerney.

Not only is it uneconomical for this court to waste its time on cases where there has been no real damage, but it is unfair to citizens who become the plaintiff's victims. Dragged into federal court, forced to hire expensive lawyers, condemned to spend hours of their time and thousands of their dollars defending a claim on which no trier of fact would find merit, these defendants feel tortured by pro per plaintiffs whose in forma pauperis status allows them to file and serve—for free—limitless amounts of angry and unintelligible motions. Even if the defendants ultimately prevail—and in cases like this, those who are not worn into capitulation usually do—how are they to be reimbursed for their losses of time and money? Practically speaking, the pro per in forma pauperis plaintiff is judgment-proof.

Of course, our courts should remain available to anyone with a truly meritorious claim. But this court believes that in cases such as this one—where the facts show that the injury is nonexistent or miniscule compared to the requested relief—the court must be able to declare the case frivolous, dismiss on those grounds, and award sanctions if appropriate.

Even before defendants respond, this court may declare a pro per in forma pauperis plaintiff's case frivolous if it has no arguable substance in law and fact. *Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir.1984). The Ninth Circuit tells us that we must ask whether there is "a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Id.*

◼ In the case at bar, defendants have responded, the facts are undisputed, and this court finds that the facts do not support a claim of constitutional dimension. A tenant who had no legal right to continue renting his room was told several times by his landlady that he must move; after he failed to respond, two men he did not know knocked at his door, and one of them told him why his landlady wanted him to leave. They did not arrest him or attack him, they did not enter his rented bedroom, they did not force him to vacate, they did not stay long and they did not return. The undisputed facts do *not* show that defendants deprived plaintiff of his property, invaded his privacy, or infringed any of his constitutional rights. Therefore, under *Franklin v. Murphy, supra,* the plaintiff's claim is frivolous.

◼ Furthermore, this court adds one additional and independent ground for declaring this case frivolous. It is the opinion of this court that the *Franklin v. Murphy* test for frivolousness applies only to plaintiffs' claims *before* defendants have had a chance to respond. In rejecting the contention that the district court may simply review the complaint and assess the credibility of the plaintiff's allegations, the court held that the district court may not do so "at this stage of the proceeding." *Id.* at 1228. The court thus left open the possibility that such a pretrial assessment may be made after the defendant has answered the complaint. As the Court of Appeals explained in rejecting an assessment of credibility before defendant has answered, "[t]he defendants have made no response at this point. The IFP plaintiff's sworn allegations are thus uncontroverted and entitled to the usual presumption of truth." *Id.*

In the instant case, the defendants *have* responded and provided facts. Thus this court is in the position to assess the credi-

bility of the plaintiff's allegations in light of the facts provided by defendants.

There is precedent for this kind of credibility assessment before trial. For example, the Circuit continues to hold that even where an in forma pauperis plaintiff's complaint does state an *arguable* claim, the complaint may be dismissed for frivolousness "where the records and files of the court or other material property noticed by the court show the claim to be frivolous." *Franklin v. Murphy*, 745 F.2d at 1228, citing *Williams v. Field*, 394 F.2d 329, 331 (9th Cir.1968) and *Stiltner v. Rhay*, 322 F.2d 314, 316 (9th Cir.1963). But what is the standard for frivolousness in such cases where plaintiffs *do* state arguable claims but the record indicates that the case is nonetheless frivolous? In the *Williams* case, the Ninth Circuit used the standard that the "records and files of this district court do not sustain the gravamen of the complaint." *Williams v. Field*, 394 F.2d 329, 332 (9th Cir.1968), *cert. denied*, 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171 (1968). The *Williams* court found that the frivolousness standard was met when it "was apparent to the District Court, from the proper consideration of its own files and records, that the appellant, contrary to his principal underlying allegation, had, in truth," not been denied his constitutional rights. *Id.* at 333.

This court concludes that in cases of in forma pauperis plaintiffs, the *Williams* standard remains the correct one for determining frivolousness once the record contains enough information for the court to assess the plaintiff's credibility. As a practical matter, this court interprets that standard to mean that after reviewing the complaint and the answer and affidavits, a district court may dismiss a case as frivolous if it is apparent to the court that the facts could not persuade a reasonable trier of fact to find for the plaintiff.

Applying that test to the instant case, the record shows that plaintiff ignored the pleas of his elderly landlady to move, that he became hostile after two men told him his intransigence could cause the elderly woman to lose her apartment, that after he announced he was calling the police one of the men revealed he was an off-duty policeman, and that plaintiff never heard from those two men again. For that, plaintiff claims his civil rights have been infringed. For that, he seeks $10 million in damages and ties up defendants in court for more than eight months. For that, 53 documents have already been filed with this court, and hours have been wasted by everyone involved. The injury is miniscule compared to the requested relief; the claim is *de minimis;* the case is economically, socially and legally insignificant; and it is apparent to this court that no reasonable trier of fact would find for plaintiff on the merits. On those independent grounds, beyond the grounds already stated, plaintiff's claim is frivolous.

Because the case is frivolous, this court hereby sanctions plaintiff by ordering him to pay defendant Ed Wright $1,000 and defendant City and County of San Francisco $500.

This case is hereby DISMISSED.