**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RON D. GLICK,

          Plaintiff-Appellant,

v.

ANGELA J. TOWNSEND; et al.,

          Defendants-Appellees.

No.   15-35587

D.C. No. 9:15-cv-00021-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

     Ron D. Glick appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims in connection with his creation and

use of a trademark. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

_____

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Glick's trademark infringement claims under the Lanham Act because Glick failed to allege sufficient facts to show ownership of a trademark by its use in commerce.  *See Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1203 (9th Cir. 2012) ("The party claiming ownership must have been the first to actually use the mark in the sale of goods or services." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Glick's motion for change of venue because Glick failed to show that transfer was warranted.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (setting forth standard of review).

The district court did not abuse its discretion in denying Glick's motion for contempt because Glick failed to demonstrate that defendant Townsend violated a court order.  *See FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (setting forth standard of review and explaining that "[t]he moving party has

the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court" (citation omitted)).

The district court properly denied Glick's request to enjoin pending state court litigation because Glick failed to show that his requested injunction fell within an exception to the Anti-Injunction Act. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *Montana v. BNSF Ry. Co.*, 623 F.3d 1312, 1315 (9th Cir. 2010) (setting forth standard of review).

Contrary to Glick's contentions, screening of in forma pauperis complaints under 28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001), and the screening statute does not burden a fundamental right because "proceed[ing] in forma pauperis is a privilege not a right," *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

We reject as unsupported by the record Glick's contentions concerning bias of the magistrate judge and the district judge.

We do not consider arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Townsend's motion for leave to file an answering brief, filed July 11, 2016,

is denied.

**AFFIRMED.**