Albert William DEMORAN,
Plaintiff-Appellant,

v.

F.A. WITT and John Does 1–4.
Defendants-Appellees.

No. 84–5919.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 1985.[*]

Decided Dec. 10, 1985.

Albert W. Demoran, pro se.

Paul N. Bruce, Deputy Co. Counsel, San Diego, Cal., for defendants-appellees.

Before GOODWIN, NELSON, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Albert Demoran filed suit in federal district court under 42 U.S.C. § 1983 alleging that F.A. Witt, a probation officer for the State of California, deprived him of federal rights under color of state law through Witt's filing of an erroneous presentencing report. Read liberally, the complaint states that Witt, with malice and in bad faith, filed with a California state court a report containing deliberately false statements and that, as a result, Demoran received an improperly long sentence. The district court granted summary judgment in favor of Witt during a hearing at which Demoran was absent. Appeal was timely, 28 U.S.C. § 1291. We affirm.

I

We review a district court's grant of summary judgement de novo. Lojek v. Thomas, 716 F.2d 675, 677 (9th Cir.1983). A defendant is entitled to summary judgment if, viewing the evidence in the light

[*] The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App.P. 34(a) and 9th Cir.R. 3(f).

most favorable to the opposing party, no genuine issue of material fact remains for trial and if the party requesting summary judgment is entitled to prevail under the applicable law. *Friends of Endangered Species, Inc. v. Jantzen,* 760 F.2d 976, 981 (9th Cir.1985).

## II

 Demoran contends both that material factual disputes remain to be decided in this case and that the trial judge misapplied the relevant law. We disagree.

Probation officers preparing reports for the use of state courts possess a quasi-judicial absolute immunity from suit under 42 U.S.C. § 1983 for acts performed within the scope of their official duties. *Burkes v. Callion,* 433 F.2d 318, 319 (9th Cir.1970). Immunity attaches to judicial officers even if the plaintiff alleges that the officer acted with malice or in bad faith. *Dennis v. Sparks,* 449 U.S. 24, 31, 101 S.Ct. 183, 188, 66 L.Ed.2d 185 (1980)(*"Dennis"*); *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Any contrary rule would undermine the officer's ability to use his independent judgment during the execution of his responsibilities without fear of suit before another tribunal. *Dennis,* 449 U.S. at 31, 101 S.Ct. at 188.

Demoran does not dispute that the state court requested Witt to prepare a presentencing report nor does he dispute that the report was prepared pursuant to Cal.Penal Code § 1203 (West 1985). Consequently, any actions taken by Witt pursuant to his state statutory duty to provide a presentencing report are covered by the judicial immunity doctrine.

## III

Demoran also appeals the grant of summary judgment because he was denied an opportunity to appear at the hearing.[1] We review the district court's denial of Demoran's motion to attend the hearing for

1. Demoran was incarcerated in the California Mens Colony at San Luis Obispo, California

abuse of discretion. *McKinney v. Boyle,* 447 F.2d 1091, 1094 (9th Cir.1971) (*"McKinney"*).

A plaintiff in a civil suit who is confined in state prison at the time of a hearing has no absolute right to appear personally. *Potter v. McCall,* 433 F.2d 1087, 1088 (9th Cir.1970). Because Demoran had notice of the hearing and submitted a written memorandum in opposition to summary judgment, the district court did not abuse its discretion in denying his motion to attend. *See McKinney,* 447 F.2d at 1094.

For the reasons stated, the district court's grant of summary judgment is

AFFIRMED.

when the hearing was conducted.