**Mike HERNANDEZ, Plaintiff–Appellant,**

v.

**George S. WHITING, et al., Defendants,**

**and**

**Jack H. Gang; Santos Saldivar; Larry Joe Holt; William M. Slane, Defendants–Appellees.**

No. 88–5985.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 1989.*

Decided Aug. 4, 1989.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Mike Hernandez, Vacaville, Cal., pro per.

Patrick E. Hughes, North Hollywood, Cal., for defendants-appellees.

Before HUG, HALL and WIGGINS, Circuit Judges.

HUG, Circuit Judge:

Mike Hernandez appeals the district court's dismissal of his civil rights suit, 42 U.S.C. § 1983 (1982), for failure to prosecute. Hernandez, a prisoner in custody of the State of California, did not appear in court on the first day of jury trial or for a pretrial conference. The district judge immediately dismissed his action. Because the district court dismissed Hernandez' suit without first considering less drastic alternatives, we reverse and remand for a reconsideration of the dismissal.

## I.

Hernandez is serving in the California state prison system an indeterminate sentence of seventeen years to life with the possibility of parole. He alleges that in January, 1982, while in pretrial detention at the San Luis Obispo County jail, deputy sheriffs drugged him, beat him, and then locked him in an isolation cell for three days without clothing, water, or a mattress to sleep on. Hernandez filed *pro se* a civil rights suit against the officers in October, 1983, and an amended complaint in February, 1984. The parties went through an extensive period of preparatory activity in which they filed various papers, sought and received continuances, conducted discovery, submitted and responded to interrogatories, and generally pursued their cases in an active and responsible manner. The

suit went before a magistrate in April, 1985, on defendants' motion for summary judgment. Although Hernandez had diligently prosecuted his case up to that point, he failed to file an affidavit or other document in response to defendants' motion as required by Fed.R.Civ.P. 56(e). The magistrate, consequently, recommended summary judgment against him. Hernandez then filed a responsive declaration in the district court prior to the appearance of the magistrate's final report in May, 1985. The district court chose not to consider the declaration and entered summary judgment for the defendants. On appeal, this court reversed and remanded the case with instructions that the district court reexamine the decision to award summary judgment.

After the remand, the district court reheard the summary judgment motion and denied it on June 1, 1987. Pretrial conference was set for February 22, 1988, with all memoranda of fact and law due February 1. Beginning in January, 1988, Hernandez set about preparing and filing witness and exhibit lists, a legal memorandum, and a pretrial conference order which the district judge adopted. On January 11, he asked for counsel to be appointed; the district court refused the request, on cost grounds.[1] A pretrial conference took place on February 22. Hernandez did not appear. A jury trial was to begin the following day, February 23. Again, Hernandez did not appear. The district judge immediately granted defendant's motion to dismiss for failure to prosecute, Fed.R.Civ.P. 41(b).

At all times during the prosecution of this suit, Hernandez was incarcerated in various state prison facilities. His address of record always showed a prison location. The record does not suggest that he appeared in court at any time in the course of the lawsuit. In the January request for counsel, Hernandez specifically informed the court that he was confined in a state prison.

Hernandez filed a timely post-judgment motion to vacate. Fed.R.Civ.P. 59(e). He argued that the district court had known since November, 1987, the time when the trial date had been set, that Hernandez would be unable to appear at the conference or the trial without intervention by the trial court. The court denied the motion. This appeal followed. The issue presented is whether the dismissal was proper under Rule 41(b).

II.

We review a dismissal under Rule 41(b) for abuse of discretion. *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 499 (9th Cir.1987). Although this circuit has an abundance of opinions discussing the application and scope of Rule 41(b), *see, e.g., Malone v. United States Postal Serv.*, 833 F.2d 128 (9th Cir.1987), *cert. denied,* —— U.S. ——, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988); *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir.1986); *Tolbert v. Leighton*, 623 F.2d 585 (9th Cir.1980), we have not considered specifically the use of Rule 41(b) against an incarcerated prisoner unable to appear in court due to imprisonment.[2] Other circuits, however, have addressed precisely that issue. Those circuits have uniformly concluded that a dismissal for failure to prosecute in cases akin to Hernandez' constitutes error if the trial court has not considered a broad range of less severe alternatives prior to entering dismissal.

Two general points apply to civil actions maintained by incarcerated prisoners. First, imprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf. *Price v. Johnston*, 334 U.S. 266, 285–86, 68 S.Ct. 1049, 1059–60, 92 L.Ed. 1356 (1948); *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir.1986), *modifying*, 777 F.2d 1402 (9th Cir.1985). Second, a civil litigant, including an incarcerated prisoner, is presumed to have no constitutional entitlement to court-ordered coun-

---

**1.** Hernandez does not challenge the denial of appointed counsel.

**2.** This court has held that prisoner status alone does not justify automatic dismissal for inability to prosecute. *Collins v. Pitchess*, 641 F.2d 740, 741 (9th Cir.1981).

sel unless his case carries the risk of affecting his physical liberty. *Lassiter v. Department of Social Servs.*, 452 U.S. 18, 25–27, 101 S.Ct. 2153, 2158–59, 68 L.Ed.2d 640 (1985).[3] A prisoner, therefore, cannot demand to be present at any stage in the development of his civil case and has no claim, barring special circumstances, to have counsel assigned to be present for him.

Despite these restrictions on a prisoner's ability to personally conduct a civil case, a trial court may not lightly dismiss an incarcerated individual's suit for failure to prosecute. A leading circuit court opinion on this point is *Heidelberg v. Hammer*, 577 F.2d 429 (7th Cir.1978). In *Heidelberg*, the Seventh Circuit confronted a Rule 41(b) dismissal of a civil rights suit brought *pro se* by a prisoner serving a very long sentence. Up to the day of trial, the prisoner had engaged in the usual pretrial activities involving interrogatories, pleadings, and motions. *Id.* at 430. He requested, but was denied, appointed counsel. *Id.* He made no attempt to insure his presence at trial, for example, by seeking a writ of habeas corpus *ad testificandum*. On the day of trial, neither he nor any representative was present to put on his case. The trial court then dismissed the action for failure to prosecute. The Seventh Circuit reversed. It held that the trial court should have considered less harsh alternatives to dismissal before disposing of the case. *Id.* at 430–32. These alternatives included a bench trial in the prison, should the parties waive a jury; trial by depositions, despite this approach's weakness on credibility issues; postponement of trial until the prisoner's release, if scheduled to occur within a reasonable time; and compelling the prisoner's presence through an *ad testificandum* writ. *Id.* at 431. The court remanded for consideration of these alternatives.

Subsequent decisions from other circuits have adopted and amplified *Heidelberg*'s

holdings. In *Holt v. Pitts*, 619 F.2d 558 (6th Cir.1980), for example, the court reversed the dismissal under Rule 41(b) of a prisoner's *pro se* civil rights suit for failure to appear at two preliminary hearings. The prisoner was incarcerated on each occasion. *Id.* at 559. The Sixth Circuit held that, when a prisoner's civil action reaches the trial stage after surviving motions to dismiss and summary judgment, the trial court must take all reasonable steps to insure that the prisoner has his or her day in court. *Id.* at 561–62. It then cited with approval the reasonable steps suggested in *Heidelberg*. *Id.* at 562. The court noted that the prisoner had diligently presented his case in all other respects and that the trial judge knew ahead of time that the prisoner's appearance at the conference was unlikely. *Id.* at 562–63. In *Sisk v. United States*, 756 F.2d 497 (7th Cir.1985), the Seventh Circuit reversed the dismissal of a prisoner's *pro se* Federal Tort Claims action by applying *Holt* and *Heidelberg*. *Id.* at 499–500. In *Poole v. Lambert*, 819 F.2d 1025 (11th Cir.1987) (per curiam), the Eleventh Circuit vacated the district court's dismissal for failure to prosecute a prisoner's *pro se* civil rights suit. Once again, the court relied on *Holt* and *Heidelberg* for the need to consider other alternatives first. *Id.* at 1029. Finally, in *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107 (4th Cir.1988), the Fourth Circuit set aside an "administrative closure" of a prisoner's *pro se* civil rights action. Reciting the teachings of *Holt* and *Heidelberg*, the court underscored the necessity of first considering methods of bringing the prisoner before the court, particularly when the prisoner's testimony is essential to his complaint. *Id.* at 112–13.

We agree that before dismissing a prisoner's *pro se* action for failure to appear due to incarceration, the trial court must investigate reasonable alternatives to such a severe sanction. In this case, dis-

---

**3.** This presumption may be overcome if a due process analysis of the type announced in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), suggests that fundamental fairness may not be served in the absence of appointed counsel. *Lassiter*, 452 U.S. at 27–33, 101 S.Ct. at 2159–61; *see also Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam).

missal was inappropriate. Nothing suggests that the trial court considered anything but dismissal upon Hernandez' failure to appear. The record reveals that Hernandez pursued his case up to trial as diligently as a *pro se* plaintiff could have been expected to perform; that the district court knew before trial, or at least should have surmised, that Hernandez' imprisonment would be a barrier to his attendance at trial; that Hernandez' testimony was crucial to his case; and that his case had survived a summary judgment motion. In light of these factors, the district judge improperly dismissed Hernandez' suit as a first response to his failure to appear.

We reverse and remand for the district judge to consider alternatives to dismissal.

REVERSED and REMANDED.