972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sherry B. CALLAHAN; Jonathan E. Hughes, Plaintiffs-Appellants,
v.
Richard L. PATSY, Judge; Michel & Manning; J. Martin
Sproul; Ellen S. James; Katy Gronowski, Esq.; David
Wignall, Esq.; County of Contra Costa; C.S. Whitson, Dr.;
Jean Barnhardt, Defendants-Appellees.
 No. 91-15836.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 14, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sherry Callahan and Jonathan Hughes appeal pro se the district court's dismissal of their complaint with prejudice pursuant to Fed.R.Civ.P. 41(b).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review dismissals pursuant to Rule 41(b) for an abuse of discretion. Hernandez v. Whiting, 881 F.2d 768, 770 (9th Cir.1989). We affirm.
 
 
 3
 In reviewing the district court's dismissal, we must keep in mind Callahan's and Hughes's pro se status. Pro se pleadings are held to a less stringent standard than those prepared by a lawyer, and are liberally construed. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986).
 
 
 4
 A pleading must contain a short, plain statement of the claim showing the pleader is entitled to relief and sufficient to put defendants fairly on notice of the claims against them. Fed.R.Civ.P. 8(a); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir.1988). A complaint that fails to comply with Rule 8(a) after the plaintiff has been given an opportunity to amend, may be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b). Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981). Dismissal is a harsh remedy, however, and we must look to see "whether the district court might have adopted other less drastic alternatives." Id. at 674.
 
 
 5
 Here, Callahan and Hughes allege a number of civil rights violations by private individuals, state court judges, and county and state officials. Their pleading does not meet the requirements of Rule 8(a). Although Callahan and Hughes were given leave to amend, their amended complaint is vague and confusing and there is no plain or concise statement of the causes of action. Moreover, the pleading gives no notice to defendants of what they must defend against. Under these circumstances, the district court did not abuse its discretion by dismissing the complaint with prejudice pursuant to Rule 41(b). See Nevijel, 651 F.2d at 673.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Callahan's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fed.R.Civ.P. 41(b) provides that an action may be dismissed "[f]or failure of the plaintiff ... to comply with these rules or any order of the court."