999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Murray Lee MARTIN, Plaintiff-Appellant,
v.
Gary D. MACOMBER, et al., Defendants-Appellees.
 No. 93-15557.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993*
Decided July 9, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Murray L. Martin appeals pro se the district court's order adopting the magistrate-judge's report and recommendation that this action be dismissed without prejudice based on appellant's failure to file a timely status report. We have jurisdiction under 28 U.S.C. § 1291, and we review for an abuse of discretion. See Hernandez v. Whiting, 881 F.2d 768, 770 (9th Cir.1989). We affirm.
 
 
 3
 Martin contends that the district court erred in dismissing this action as a sanction for failure to file a status report. Pursuant to Fed.R.Civ.P. 41(b), the district court may dismiss an action for failure to comply with any order of the court. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987). The magistrate-judge ordered Martin to file a status report by May 19, 1992. The order warned appellant that failure to comply with it could result in the dismissal of the action as a sanction. On June 23, 1992, Martin was granted an additional 30 days in which to file a status report. When Martin still did not respond to the court's order to file a status report, the magistrate-judge recommended that the action be dismissed without prejudice pursuant to local rule 110.[1] The magistrate-judge's report and recommendation informed Martin of his right to file objections within 30 days. As Martin did not file an objection to the magistrate-judge's report and recommendation, the district court adopted the report and recommendation.[2]
 
 
 4
 Because Martin did not file the required status report or objections to the magistrate-judge's report and recommendation, the district court did not abuse its discretion in dismissing this action. See Malone v. United States Postal Serv., 833 F.2d 128, 132 (9th Cir.1987) (warning that action will be dismissed satisfies the requirement that the district court consider less drastic alternatives), cert. denied, 109 S.Ct. 59 (1988).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In pertinent part, local rule 110 provides that "[f]ailure of ... a party to comply with ... any order of the [c]ourt may be grounds for imposition by the [c]ourt of any and all sanctions authorized by statute or Rule.... including ... dismissal of any action...."
 
 
 [2]
 On appeal, appellees contend that, because Martin did not file an objection to the magistrate-judge's report and recommendation, there are no cognizable issues on appeal. We disagree. Martin's failure to object precludes him from challenging the magistrate-judge's findings of fact. See Greenhow v. Secretary of Health & Human Servs., 863 F.2d 633, 635 (9th Cir.1989). However, he is not precluded from challenging the district court's conclusions of law. See Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir.1989). Accordingly, we must address the merits of this appeal