50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose CASTILLO, Jr., Plaintiff-Appellant,
v.
CALIFORNIA DEPARTMENT OF PARKS AND RECREATION; California
State Personnel Board, Defendants-Appellees.
 No. 94-15278.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided March 21, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Castillo ("Castillo") appeals pro se the district court's grant of summary judgment in favor of the defendants California Department of Parks and Recreation and California State Personnel Board (collectively "the Department"), in Castillo's action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. ("Title VII").
 
 
 3
 * On June 14, 1989, the Department notified Castillo that he was disqualified from consideration for the peace officer position of State Park Ranger ("Ranger") because he was not mentally fit for the position. After losing his administrative appeals and receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), Castillo filed a claim of racial discrimination on June 10, 1991 in the federal district court for the Northern District of California. On October 15, 1991, the Department moved to dismiss the complaint for improper venue, and on November 19, 1991, the district court ordered the case transferred to the Eastern District of California. On January 11, 1994, the district court granted the Department's motion for summary judgment. Castillo timely appeals. Having jurisdiction under 28 U.S.C. Sec. 1291, we affirm.
 
 II
 
 4
 We review de novo a district court's grant of summary judgment. Grimes v. City & County of San Francisco, 951 F.2d 236, 238 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, the court must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Maffei v. Northern Ins. Co., 12 F.3d 892, 896 (9th Cir.1993). In order to survive a summary judgment motion, a plaintiff in a Title VII case must first make out a prima facie case of race discrimination. Washington v. Garrett, 10 F.3d 1421, 1433 (9th Cir.1993).
 
 
 5
 At the summary judgment hearing, Castillo admitted that he had no proof of disparate impact and was proceeding only under a disparate treatment theory. In a disparate treatment case, a Title VII plaintiff can make out a prima facie case by either offering direct evidence of a discriminatory motive or through circumstantial evidence using the McDonnell Douglas formula. Id. at 1431-32. Under McDonnell Douglas, a plaintiff must show that (1) he belongs to a racial minority, (2) he was qualified for the job, (3) the employment decision was made despite his qualifications, and (4) the position remained open and the employer continued to consider applicants with comparable qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 6
 Once the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. Washington, 10 F.3d at 1432. If the defendant satisfies this burden, the plaintiff must then come forward with a showing that the reason articulated by the defendant was pretextual. Id. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff, however, 'remains at all times with the plaintiff.' " Id. (quoting St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747 (1993)).
 
 
 7
 Here, Castillo failed to make out a prima facie case of discrimination because he could not show that he was "qualified" for the position of Ranger. See McDonnell Douglas, 411 U.S. at 802. The position applied for by Castillo is a peace officer position which authorizes the issuance of a weapon. California state law requires, at a minimum, that candidates for such a position be "found to be free from any physical, emotional, or mental condition which might adversely affect the exercise of the powers of a peace officer." Cal.Gov't Code Sec. 1031(f). Thus, in order to be "qualified" for the position, Castillo had to demonstrate that he was free from any emotional or mental condition which would adversely affect his ability to perform peace officer duties. See Cal.Gov't Code Sec. 1031(f).
 
 
 8
 The Department introduced ample evidence that, although Castillo had passed the written and oral screening for the Ranger position, he was disqualified because of problems revealed in his psychological profile and background investigation. Specifically, the Department produced evidence that Castillo's initial screening tests, the Minnesota Multiphasic Personality Inventory ("MMPI") and the California Personality Inventory ("CPI"), revealed potential problems with impulsivity, difficulty controlling anger, and poor responses to authority. Because such problems would preclude placing Castillo in a position which authorizes the issuance of a weapon, Castillo was sent to Dr. Joseph Newton, a state-licensed clinical psychologist, for further evaluation. Dr. Newton's evaluation confirmed that Castillo suffered from a potential psychopathology which was incompatible with a law enforcement position. Accordingly, Dr. Newton recommended Castillo's disqualification.
 
 
 9
 The Department also submitted the results of Castillo's background investigation which matched the results of the psychological tests and indicated that Castillo had psychological problems which would be incompatible with a peace officer position. Although Castillo subsequently requested and "passed" a second psychological interview with Dr. Mannen before the results of the background check were complete, Castillo was nevertheless disqualified from the position of Ranger. In support of their summary judgment motion, the Department submitted the affidavit of Dr. Mannen, in which he states that had he been aware of the information in Castillo's background investigation, he would not have recommended that Castillo "pass" the Department's psychological evaluation.
 
 
 10
 Although Castillo proffered evidence of previous job experience with park service agencies, letters of recommendation, and credit hours in applicable fields of study, he failed to offer any proof that he was mentally qualified for a peace officer position. Moreover, Castillo admitted that the only mental health expert he planned to call at trial was Dr. Mannen, who had since stated in his declaration that had he had an opportunity to examine Castillo's background investigation report, he would have recommended Castillo's disqualification. Given these circumstances, the district court did not err by finding that Castillo had failed to establish a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802.
 
 
 11
 Moreover, even if Castillo had made out a prima facie case, the Department articulated a legitimate, nondiscriminatory reason for their employment decision by submitting overwhelming evidence that Castillo's psychological problems made him unsuitable for a peace officer position. Thus, the burden shifted back to Castillo to raise a genuine issue of fact whether the Department's articulated reason was pretextual. See Washington, 10 F.3d at 1433.
 
 
 12
 Castillo contends that Dr. Newton's questions regarding his ethnic and family background are evidence that the Department's reasoning was pretextual and that his disqualification was racially motivated. We disagree.
 
 
 13
 First, in his affidavit submitted in support of the Department's motion for summary judgment, Dr. Newton explained that questions regarding ethnicity and family background were necessary to eliminate any cultural influences which might be mistakenly interpreted as intrinsic psychopathology. Second, even if the questions asked during Castillo's psychological evaluation could be construed as evidence of racial bias, the district court correctly found that Dr. Newton's remarks, standing on their own, were insufficient to establish discrimination by the Department. See Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir.1990) (holding that "stray" remarks are insufficient to establish discrimination). Accordingly, we affirm the district court's finding that Castillo failed to show a triable issue of fact as to whether the Department's reasoning was pretextual.
 
 
 14
 Because Castillo was unable to show either a prima facie case of discrimination or that his disqualification for psychological reasons was pretextual, we affirm the district court's grant of summary judgment. See Washington, 10 F.3d at 1433.
 
 III
 
 15
 Castillo next argues that the district court violated his due process rights by denying him an opportunity to present evidence in support of his complaint.
 
 
 16
 We find that Castillo had ample opportunity to present his evidence. First, when Castillo failed to timely file an opposition to the Department's summary judgment motion, the district court both postponed the date of the hearing and allowed Castillo additional time to submit an opposing motion. At the hearing, the judge afforded Castillo ample opportunity to disclose any evidence of race discrimination that he would be presenting at trial.
 
 
 17
 One day after Castillo filed an opposition to the Department's motion for summary judgment, he filed exhibits in support of the motion. These exhibits included state personnel board statistics regarding the ethnic composition of the Department's work force, two tapes, numerous copies of reports, and eleven letters of recommendation. The record indicates that the district court considered the evidence submitted by Castillo in reaching its decision.
 
 
 18
 Moreover, although Castillo did not submit a sworn declaration into evidence, the district court carefully considered the lengthy allegations contained in Castillo's second amended complaint. See McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir.1987) (acknowledging that a pro se plaintiff's complaint may be taken as an affidavit if verified); see also Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir.1985). The district court considered Castillo's allegations despite the fact that the complaint had not been verified. After examining these allegations, the district court found that even if everything Castillo alleged in his complaint were true, the allegations did not support a finding of racial discrimination. Given these circumstances, Castillo's contention that he was not allowed to submit evidence into the record is meritless.
 
 IV
 
 19
 Castillo contends that the district court erred by considering hearsay evidence submitted by the Department in support of their motion for summary judgment. Although it is not entirely clear, it appears that Castillo objects to the declarations submitted by the Department.
 
 
 20
 Federal Rules of Civil Procedure 56(e) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence.... Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Fed.R.Civ.P. 56(e). Here, the ten declarations submitted by the Department were verified and therefore were properly admitted into evidence. In addition, all of the affidavits are attached to copies of the documents relied upon in making the affidavits.
 
 
 21
 We also find that Castillo's objection lacks merit to the extent that it is directed to the declarants' reliance on the MMPI and on the background investigation conducted by Thomas Blalock. Federal Rule of Evidence 703 provides, in relevant part, that facts or data used by an expert need not be itself admissible "[i]f of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed.R.Evid. 703. We reject Castillo's contention that the district court improperly considered hearsay evidence.
 
 V
 
 22
 Finally, Castillo contends that he was denied representation by counsel. Generally, a plaintiff in a civil case has no right to appointed counsel. See Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir.1989); United States v. 30.64 Acres, 795 F.2d 796, 801 (9th Cir.1986). In a Title VII case, however, counsel for indigent plaintiffs may be appointed "in such circumstances as the court may deem just." 42 U.S.C. Sec. 2000e-5(f)(1). In considering whether to appoint counsel for a Title VII plaintiff, a court must examine "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." Bradshaw v. Zoological Soc., 662 F.2d 1301, 1318 (9th Cir.1981) (citing Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1308-10 (5th Cir.1977)).
 
 
 23
 The district court's denial of a request for appointment of counsel in a Title VII case is reviewed for abuse of discretion. Johnson v. United States Dep't of Treasury, 939 F.2d 820, 824 (9th Cir.1991). "[A] district court abuses its discretion if it fails to rule upon a motion for appointment of counsel before granting a motion of the defendant disposing of the case." Id.; see also Miles v. Department of the Army, 881 F.2d 777, 784 (9th Cir.1989) (abuse of discretion for the district court to dismiss case before ruling on appointment of counsel).
 
 
 24
 On June 10, 1991, the day that he filed his race discrimination case, Castillo submitted a request for the appointment of counsel. The request for counsel was returned because Castillo had failed to enclose the investigative file prepared by the EEOC and failed to list the names and addresses of attorneys contacted. On June 27, 1991, Castillo filed an amended complaint and included with it an updated request for appointed counsel, which contained all of the required enclosures and information and a request to proceed in forma pauperis. On August 26, 1991, the district court allowed Castillo to proceed in forma pauperis but did not rule on Castillo's motion for appointment of counsel. On November 19, 1991, Judge Walker ordered Castillo's case transferred to the Eastern District. On June 24, 1994, the district court denied Castillo's motion for counsel on appeal and his request for an addition to the docket of a Request for Counsel. The district court noted that a search of the court file failed to uncover a request for counsel since the transfer of the case to the Eastern District.
 
 
 25
 Because Castillo had submitted a motion for appointment of counsel at the time he filed his amended complaint, it was an abuse of discretion for the district court not to rule on Castillo's motion before granting summary judgment for the Department. See Johnson, 939 F.2d at 824; Miles, 881 F.2d at 784. The district court's error, nevertheless, may be harmless if the plaintiff's claim lacks merit. Bradshaw, 662 F.2d at 1318 (in determining whether to appoint counsel, the court must consider whether claim has merit); see also Fed.R.Civ.P. 61 ("No error ... in anything done or omitted by the court ... is ground for ... vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice").
 
 
 26
 Here, Castillo was unable to establish even a prima facie case of discrimination in support of his claim. Accordingly, any error made by the district court in failing to rule on Castillo's motion for appointment of counsel was harmless. See Bradshaw, 662 F.2d at 1318; Brown-Bey v. United States, 720 F.2d 467, 471 (7th Cir.1983).
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3