82 F.3d 422
 77 A.F.T.R.2d 96-1570
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dion CLARK, Plaintiff-Appellant,
v.
Janice MAYFIELD; David Schluter; "Mr." Castenada; Jesse
Cote; Does, 1-100, Defendants-Appellees.
 No. 95-55241.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dion Clark appeals pro se the district court's dismissal of his action against employees of the Internal Revenue Service ("IRS") on the grounds that the complaint failed to satisfy the pleading requirements of Fed.R.Civ.P. 8(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Under Rule 8(a), a pleading shall contain: (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends," and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A complaint that fails to comply with Rule 8(a) after the plaintiff has been given an opportunity to amend may be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b). Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981). A district court's dismissal pursuant to Rule 41(b) will be overturned on appeal only if the district court abused its discretion. Hernandez v. Whiting, 881 F.2d 768, 770 (9th Cir.1989).
 
 
 4
 In his complaint, Clark essentially alleged that defendants executed a levy upon his property without due process of law. We note, however, that in a prior appeal this court affirmed the district court's summary judgment in favor of the United States in Clark's action challenging the IRS's levy against his personal property. See Clark v. Internal Revenue Service, No. 94-56359, unpublished memorandum disposition (9th Cir. June 8, 1995). Clark's remaining causes of action involve conclusory allegations, of fraud, conversion, slander, assault, perjury, torture, attempted murder, conspiracy and constitutional violations. The amended complaint fails to link the actions alleged to the particular defendants and fails to present sufficient facts to give notice to defendants of what they must defend against. See Fed.R.Civ.P. 8(a); see also, In re Glenfed Inc. Securities Litigation, 42 F.3d 1541, 1547 (9th Cir.1994) (en banc) (noting that Fed.R.Civ.P. 9(b) requires that particularized allegations of the circumstances constituting fraud).
 
 
 5
 Given that Clark was given an opportunity to amend his complaint with specific directions on how to cure the complaint's deficiencies, the district court did not abuse its discretion by dismissing the complaint for failure to comply with Fed.R.Civ.P. 8(a). See Hernandez, 881 F.2d at 770; Nevijel, 651 F.2d at 673.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3