112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dwight Theodore BEAZLEY; Jenelle D'Anne Beazley, by and
through her Guardian Ad Litem, Plaintiffs-Appellants,
v.
COUNTY OF ORANGE, Defendant,
and
City of Tustin; Tustin Unified School District; Michael R.
Capizzi; Charles Carvajal, Officer (Badge No. 602); N.
Rizzo, Officer (Badge No. 580); Deedee Kuhlendahl; Jerri
Lynn Church; Robynn Louise Robin; Michele Dawn Simpson;
Cynthia Marie Gallant; Pamela Hurwitz, Defendants-Appellees.
 No. 96-44776.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dwight Theodore Beazley and his minor daughter Jenelle D'Anne Beazley ("Beazleys") appeal pro se[1] the district court's Fed.R.Civ.P. 12(b)(6) dismissal of their 42 U.S.C. § 1983 action. The Beazleys alleged, among other things, that defendants conspired to cause Dwight Beazley's unlawful arrest by falsely charging him with petty theft, assault, battery and violating a restraining order. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and we affirm in part, reverse in part, and remand.
 
 
 3
 Because the Beazleys had no constitutional right to counsel in their civil case, see United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir.1986); see also Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir.1989), their contention that the district court denied them due process by granting their attorney's motion to withdraw lacks merit. Thus, we affirm the district court's order allowing the Beazley's attorney to withdraw from their case.
 
 
 4
 The Beazleys next contend that the district court erred by dismissing their complaint without leave to amend. We agree.
 
 
 5
 A district court may dismiss a pro se complaint without leave to amend if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll, 809 F.2d at 1448 (internal quotation marks omitted).
 
 
 6
 Here, the Beazleys alleged in their complaint that the private party defendants conspired with the Tustin City defendants to cause Dwight Beazley's ("Beazley) arrest by filing false charges and a false declaration to secure an arrest warrant from a state court judge. Although these allegations are conclusory, Beazley may be able to amend the complaint to allege sufficient facts demonstrating that defendants specifically agreed to commit the overt acts that eventually led to his unlawful arrest. See Lopez v. Department of Health Servs., 939 F.2d 881, 883 (9th Cir.1991) (per curiam); Taylor v. List, 880 F.2d 1040, 1048 (9th Cir.1989). Because Beazley could amend the complaint to allege a cognizable claim, the district court erred by dismissing the action.[2] See Noll, 809 F.2d at 1449; cf. Taylor, 880 F.2d at 1048; Schucker v. Rockwood, 846 F.2d 1202, 1204-05 (9th Cir.1988) (per curiam). On remand, Beazley will have an opportunity to amend the complaint to state a cognizable conspiracy claim.[3]
 
 
 7
 The parties shall separately bear their costs on this appeal.
 
 
 8
 AFFIRMED in part, REVERSED in part, and REMANDED.[4]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Beazleys' attorney withdrew from their case approximately six weeks before the district court dismissed their action
 
 
 [2]
 To the extent that the Beazleys contend that the district court erred by dismissing their parent-child relationship and privacy claims, we conclude that this contention lacks merit because the Beazleys did not allege a cognizable legal theory to support these claims. Cf. Woodrum v. Woodward County, 866 F.2d 1121, 1124-25 (9th Cir.1989); Kelson v. City of Springfield, 767 F.2d 651, 653-55 (9th Cir.1985). Accordingly, the district court properly dismissed these claims without leave to amend. See Noll, 809 F.2d at 1448
 
 
 [3]
 Jenelle Beazley lacks standing to prosecute this claim, because the alleged conspiracy led only to Beazley's arrest
 
 
 [4]
 We deny the Beazleys' requests to take judicial notice of various submitted documents, because these documents do not directly relate to the issues presented in this appeal. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992)