122 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack Bruce McNEILL, JR., Plaintiff-Appellant,
v.
M. YARBOROUGH, Associate Warden; J. NMI Miles, Program
Administrator; C. Wofford, Correctional Sergeant; A.
Gonzalez, Correctional Officer; Unknown Lattimore, Medical
Technical Assistant; Does, 50 John/Jane Does; Officer P.
Jones, aka Does; Officer R. James, aka Does; E. Roe,
Warden; V. Johnson, Program Administrator; C. Boxwell,
Correctional Lieutenant; P. Glavurtich, Correctional
Counselor-I; J. NMI Voletti, Counselor-I; D. Angeles,
Correctional Sergeant; A. Trinidad, Staff Physician; R.
Avery, Registered Nurse; T. Ford, Registered Nurse; V. NMI
Martinez, Correctional Officer, Defendants-Appellees.
 No. 96-56452.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Sept. 3, 1997.
 
 Appeal from the United States District Court for the Central District of California Manuel L. Real, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Jack Bruce McNeill, Jr., appeals pro se the district court's Fed.R.Civ.P. 41(b) dismissal with prejudice of his 42 U.S.C. § 1983 action for failing to comply with a magistrate judge's order requiring McNeill to submit a third amended complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, see Ferdik v. Bonzelt, 963 F.2d 1258, 1260 (9th Cir.1992), and we affirm.
 
 
 3
 McNeill contends that the district court abused its discretion by dismissing his action. We disagree.
 
 
 4
 The record demonstrates that the magistrate judge afforded McNeill several opportunities to amend his complaint and explained the deficiencies of his first and second amended complaints and his proposed third amended complaint. See id. at 1261-62. In addition, the magistrate explicitly warned McNeill that his failure to comply with the filing deadlines for amendment could result in the dismissal of his action. See id.; see also Malone v. United States Postal Serv., 833 F.2d 128, 132-33 (9th Cir.1987). Moreover, McNeill concedes in his reply brief that he "missed the deadline for filing [the] 'Third Amended' complaint." Accordingly, we conclude that the district court did not abuse its discretion by dismissing McNeill's action for failing to submit a third amended complaint. See Ferdik, 963 F.2d at 1261-63.
 
 
 5
 We reject McNeill's contention that the district court erred by not mandating his presence at oral argument on his Fed.R.Civ.P. 35(a) motion for a mental and physical exam, because "[a] prisoner ... cannot demand to be present at any stage in the development of his civil case[.]" See Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir.1989). To the extent that McNeill contends he was entitled to the appointment of counsel, we likewise reject this contention because McNeill has not demonstrated extraordinary circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 **
 Because the panel unanimously finds this case suitable for decision without oral argument, we deny McNeill's request for oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3