131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Todd Lewis ASHKER, Plaintiff-Appellant,
v.
James ROWLAND; Daniels, Mr.; D. Dawson; G. Diggs; J.
Schievelbein; Robert G. Borg; Dave Escoto,
Defendants-Appellees.
 No. 95-16071.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 19, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-89-01473-GGH; Gregory G. Hollows, Magistrate Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Todd Lewis Ashker appeals pro se the district court's judgment following a jury trial in favor of state prison officials in his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights by requiring him to wear restraining equipment during his outside exercise periods. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Ashker contends that the district court abused its discretion by preventing him from attending trial as a sanction under its inherent powers. We disagree.
 
 
 4
 "We review the district court's imposition of sanctions pursuant to its inherent powers for abuse of discretion." Mark Indus., Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 732 (9th Cir.1995). A district court, under its inherent powers, has the discretion to fashion an appropriate sanction against a party who willfully abuses the judicial process. See Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). A prisoner does not have an absolute right to be personally present at a particular stage of his civil case. See Hernandez v. Whiting, 881 F.2d 768, 770 (9th Cir.1989); Demoran v. Witt, 781 F.2d 155, 157 (9th Cir.1986).
 
 
 5
 The district court did not abuse its discretion in exercising its inherent powers to sanction Ashker by preventing him from attending trial because there was evidence in the record that Ashker was involved in a plot to escape during his trip to court. See Mark Indus., 50 F.3d at 732; see also Hernandez, 881 F.2d at 770; Demoran, 781 F.2d at 157.
 
 
 6
 The district court did not abuse its discretion by limiting the number of Ashker's prisoner witnesses from twenty-seven to seven and denying Ashker's request to add inmate Pina as a witness. See Fed.R.Evid. 403 (court may limit needless presentation of cumulative evidence); United States v. Shirley, 884 F.2d 1130, 1132 (9th Cir.1989).
 
 
 7
 The district court did not abuse its discretion by denying Ashker's motion to compel discovery relevant to gang information at Corcoran state prison because it was not relevant to Ashker's claims against prison officials at Folsom state prison. See Blackburn v. United States, 100 F.3d 1426, 1436 (9th Cir.1996).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellees' motion for leave to file supplementation to the answering brief is granted