[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

---

No. 00-1536

BERNARDO FIGUEROA,

Plaintiff, Appellant,

v.

GEORGE A. VOSE, JR.; JOSEPH DINITTO; WALTER T. T. WHITMAN,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

---

Bernardo Figueroa on brief pro se.
Michael B. Grant on Motion for Summary Disposition for
appellees.

---

January 8, 2001

---

**Per Curiam**. Pro se appellant, Bernardo Figueroa, appeals from the district court's dismissal of his 42 U.S.C. § 1983 action against state prison officials. We vacate the order of dismissal and remand to the district court for the following reasons.

The district court dismissed the action with prejudice for lack of prosecution after Figueroa, who is incarcerated in Virginia, failed to appear for jury empanelment in Rhode Island. See Fed. R. Civ. P. 41(b). Prior to dismissal, in one or more telephone conferences, the court had ordered Figueroa to pay for his transportation to Rhode Island, eventually warning him that his action would be dismissed for lack of prosecution if he did not appear. When he failed to appear, the court dismissed the action with prejudice. The record shows that, apart from his failure to appear for jury empanelment, Figueroa had diligently pursued his litigation. Moreover, he is indigent (the district court granted his request to proceed in forma pauperis in this action and on appeal), and, on appeal, states that he was unable to pay for his transportation to Rhode Island. He asserts that dismissal of his action infringed his right to court access.

We review dismissals under Rule 41(b) for abuse of discretion, engaging in an "open-ended balancing test," which considers all relevant factors. See Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 1995). The courts of appeals have "uniformly concluded that a dismissal for failure to prosecute in cases [in which an incarcerated pro se inmate has failed to appear at trial or for hearings] constitutes error if the trial court has not considered a broad range of less severe alternatives prior to entering dismissal." Hernandez v. Whiting, 881 F.2d 768, 769 (9th Cir. 1989) (canvassing the cases); Poole v. Lambert, 819 F.2d 1025, 1029 (11th Cir. 1987) (per curiam) (describing alternatives and requiring district courts to be "imaginative and innovative" in handling inmate civil rights litigation in order not to deprive inmates of their "day in court") (citing Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977)). We realize that this puts an additional burden on the district courts, and we doubt that a plausible alternative existed here. In an abundance of caution, however, we believe that the district court, at the very least, should make explicit that it considered and rejected other alternatives, and explain why it concluded that a trial with Figueroa present was necessary.

-3-

Accordingly, we think it advisable to vacate the judgment below and remand the case to the district court to consider possible alternatives to an in-person trial and, if it persists in believing that none is feasible, to reinstate its order of dismissal, this time addressing in a written memorandum why no other alternatives will do.

<u>Vacated and remanded to the district court for further proceedings consistent with this opinion.</u>