N.R. SMITH, Circuit Judge,
concurring
Were I deciding this case on my own, I would have found that Calloway’s sole argument on appeal pertained to his alleged motion for appointment of counsel. However, neither of my colleagues agree with me. Thus, I must address whether the district court properly dismissed Calloway’s case for failure to prosecute. On that issue, the law compels us to decide the case as the majority has done.
I.
Before I describe my analysis in concurring, I must explain my view that this appeal is not about a dismissal for failure to prosecute. Calloway presents two issues on appeal, both of which stem from a motion for appointment of counsel that Calloway alleges he made. First, Calloway asserts that the district court failed to properly analyze his motion. Second, Callo-way asserts that the district court abused its discretion by dismissing his case in response to the motion. However, to find for Calloway, we would necessarily have to find that he made such motion at, or in anticipation of, the trial confirmation hearing. The record does not support that assertion. Rather, Calloway appeared before the court with a motion for a continuance, which the court denied. Although Calloway had previously made motions for appointment of counsel, those motions had all been denied in prior proceedings, and Cal-loway does not appeal from those denials.
*641 On appeal, Calloway did not raise any claims regarding the district court’s denial of his motion to continue, thus those claims are waived. See Padgett v. Wright, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam) (quoting Int’l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985)). Further, such claims could not be raised on appeal, because the order denying Calloway’s motion to continue was an interlocutory order followed by a dismissal for failure to prosecute. See Al-Torki v. Kaempen, 78 F.3d 1381, 1386 (9th Cir.1996) (“[Interlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute.... ”).
The majority and dissent concentrate on whether the district court erred in dismissing Calloway’s case for failure to prosecute. However, Calloway never raised that argument to us. Instead, Calloway contends that the district court treated his assertions that he was unable to represent himself in trial “as a concession that his case should be dismissed if the motion were denied.” Calloway argued fervently that the district court did not dismiss his case for failure to prosecute. Only as an “even if’ argument in his Reply Brief did Calloway assert that if the district court dismissed his case for failure to prosecute, doing so was an abuse of discretion. Thus, I would not have decided whether the district court properly dismissed the case for failure to prosecute.
II.
The dissent argues that the majority is “unwilling to recognize the generous leeway” required under the abuse of discretion standard. Dissent 1. I agree that the abuse of discretion standard is highly deferential, and that district courts have a right to manage their own dockets. However, the dissent misses an important point: the district court never stated the legal standard under which it was dismissing the case.
“[T]he first step of our abuse of discretion test is to determine de novo whether the trial court identified the correct legal rule to apply to the relief requested.” See United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir.2009) (en banc). Under the second step, we must “determine whether the trial court’s application of the correct legal standard was (1) ‘illogical,’ (2) ‘implausible,’ or (3) without ‘support in inferences that may be drawn from the facts in the record.’ ” Id. (quoting Anderson v. City of Bessemer, 470 U.S. 564, 577, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). If the district court erred at either step, we must find an abuse of discretion. Id.
The dissent jumps immediately to step two and analyzes the application of facts to the Ferdik factors. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.1992). However, the district court’s error was at step one, because the district court never “identified the correct legal rule” for dismissing the case. Hinkson, 585 F.3d at 1262. The district court concluded simply that, “[biased on [Calloway’s] multiple representations at the [trial confirmation] hearing that he is incapable and unable to proceed to trial in this matter, the court made a sua sponte motion to dismiss this case and granted the motion.” What legal standard the district court proceeded under in dismissing the case is subject to speculation. Therefore, I would find an abuse of discretion at step one.
Further, whether we take the majority’s broad reading of the facts or the dissent’s narrow reading, I can find no precedent that would support sua sponte dismissal for failure to prosecute under these circumstances. Rather, this court has readily reversed dismissals of cases in which a *642 party was willing to try his case. This is particularly true where the party is a pro se litigant, incarcerated, and filing claims under 42 U.S.C. § 1983. See Hernandez v. Whiting, 881 F.2d 768, 771 (9th Cir.1989) (“[A] trial court may not lightly dismiss an incarcerated individual’s suit for failure to prosecute.”). Calloway meets all three criteria. The dissent cites several cases in which we upheld dismissal of a case for failure to prosecute. However, each of those cases present entirely different facts. Importantly, most involve a party who failed to appear at trial. Sadly, Calloway was not given that opportunity. Again, I can find no case that would permit dismissal under the facts in this case.