**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHSEN MOADDAB, | No. 19-55581 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-00006-JVS-DFM |
| v. | |
| COUNTY OF ORANGE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted August 7, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Mohsen Moaddab appeals pro se from the district court's judgment

following a jury verdict for the defense in Moaddab's 42 U.S.C. § 1983 lawsuit

against the County of Orange and a correctional officer in connection with an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

assault that he experienced while in protective custody.  We have jurisdiction under § 1291, and we affirm.

1.	The district court did not abuse its discretion by conducting the jury trial without Moaddab.  *See Price v. Kramer*, 200 F.3d 1237, 1252 (9th Cir. 2000) ("Federal judges are granted broad discretion in supervising trials."); *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989) ("[I]mprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf.").  Moaddab sought a writ of habeas corpus ad testificandum a mere eight days before trial.  And although the district court granted the writ, Moaddab's counsel subsequently agreed to proceed without Moaddab upon learning that federal authorities were unable to timely transport his client from Pennsylvania to California.  The court did not err in proceeding to trial without Moaddab's physical presence, especially given the presentation of his deposition testimony during those proceedings.  *See Holt v. Pitts*, 619 F.2d 558, 561 (6th Cir. 1980) (listing alternatives "to decide fairly the merits of an inmate's . . . civil rights action," including "the presentation of evidence by means of depositions").

2.	To the extent that Moaddab assigns error to the proceedings below without offering any supporting argument or citations to any portion of the record,

2

we deem those arguments abandoned. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (holding, in pro se appeal, that claims not supported by argument are deemed abandoned unless failure to consider them would result in manifest injustice); *see also* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

3.      We further decline to consider Moaddab's claims regarding his trial counsel's ineffective assistance, raised for the first time in his reply brief. "Generally, a plaintiff in a civil case has no right to effective assistance of counsel," *see Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985), and Moaddab points to no considerations that rebut this presumption.


**AFFIRMED.**