**Gilbert Ray FRANCIS, Plaintiff/Appellant,**

**v.**

**Joseph MARQUEZ, Executive Officer, California Correctional Institution, Defendant/Appellee.**

**No. 83-2142.**

United States Court of Appeals, Ninth Circuit.

Submitted * June 11, 1984.

Decided Aug. 28, 1984.

Gilbert Ray Francis in pro per.

William George Prahl, Deputy Atty. Gen., Sacramento, Cal., for defendant/appellee.

Before FAIRCHILD,** Senior Circuit Judge, and GOODWIN and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

This is an appeal by a prison inmate from the district court's dismissal of his purported section 1983 action because of his alleged failure to exhaust administrative remedies. Because we believe that the district court failed to comply with the requirements of 42 U.S.C. § 1997e(a)(1) regarding exhaustion of administrative remedies in section 1983 actions, we reverse the dismissal.

Gilbert Ray Francis, an inmate at the men's correctional facility at Tehachapi,

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a) and 9th Cir.R. 3(a).

** Honorable Thomas E. Fairchild, Senior Circuit Judge for the Seventh Circuit, sitting by designation.

California, brought an action against the warden of that facility alleging violations of due process rights. Francis alleged that the warden, through two of his agents, placed him in a segregated housing unit and ordered him to sleep on a mattress on the floor in an area no longer than the length of the mattress. The record indicates that the decision to place Francis in "administrative segregation" was based on rude and disrespectful comments that he allegedly made to certain visitors at the prison. Francis contends that such segregation without a hearing denies him due process of law in light of the liberty interest created by California law. *See* Cal.Admin.Code tit. 15, § 3335 (1981); *In re Davis,* 25 Cal.3d 384, 391, 158 Cal.Rptr. 384, 389, 599 P.2d 690, 695 (1979).

The district court did not reach the merits of this claim. Instead, it dismissed the claim for failure to exhaust administrative remedies. Francis argues that he did everything he could to exhaust those remedies, but that the Department of Corrections refused to act on his appeal. The record, however, does not support his contention. The record reveals a letter, dated April 15, 1983, from Francis to the Inmate Appeals Section of the Department of Corrections inquiring about the Section's failure to take any action on his appeal, but there is no copy of that alleged appeal in the record. The Appeals Section also had difficulty locating the appeal. In response to Francis' April 15 letter, an agent for the Section noted that the appeal apparently had been lost and instructed Francis to refile his appeal. Nothing in the record indicates that Francis ever attempted to refile the appeal.

Although an inmate may not have to make repetitious appeals to the appropriate administrative agency to satisfy the exhaustion requirement, *cf. Kellotat v. Cupp,* 719 F.2d 1027, 1029 (9th Cir.1983) (prisoner need only fairly present claims to state courts once to satisfy exhaustion requirement of habeas petition), the prisoner must demonstrate in fact that an appeal was made. Francis has failed to do that.

In the absence of any evidence that Francis filed an appeal, we cannot say that the district court abused its discretion in requiring Francis to exhaust his administrative remedies. Yet we cannot affirm the district court's dismissal. 42 U.S.C. § 1997e(a)(1) specifies that if the court believes that such an exhaustion requirement is appropriate, it *"shall* ... continue such case for a period of not to exceed ninety days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available." [1] (Emphasis added) Thus, rather than dismissing the action, the court should have granted a continuance to afford Francis the opportunity to pursue his administrative remedies.

The order dismissing the action is reversed, and the case is remanded to the district court for compliance with section 1997e.

REVERSED and REMANDED.

1. 42 U.S.C. § 1997e(a) provides:

(1) Subject to the provisions of paragraph (2), in any action brought pursuant to section 1983 of this title by an adult convicted of a crime confined in any jail, prison, or other correctional facility, the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such case for a period of not to exceed ninety days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available.

(2) The exhaustion of administrative remedies under paragraph (1) may not be required unless the Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b) of this section.