82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rick Alton FOLEY, Plaintiff-Appellant,
Mark Raymond Klein, Plaintiff,[1]
v.
Bill HARO, CPO; Meg Savage; Travis Badgett; Samuel Lewis;
James Upchurch, Warden; Sgt. Pickard; J.C.
Keeney, Defendants-Appellees.
 No. 95-16132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1995.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rick Alton Foley, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that the prison official's application of the prison's grievance system violated his right of access to the courts and that prison officials disciplined him for assisting another inmate with legal research. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 Foley contends that the district court erred by dismissing his action for failure to exhaust administrative remedies. This contention has merit.
 
 
 4
 Although a prisoner must demonstrate that he has attempted to utilize the administrative procedure certified under 42 U.S.C. § 1997e(a), an inmate should not have to pursue repetitious and ineffective appeals to satisfy the exhaustion requirement. See 42 U.S.C. § 1997e(a); Francis v. Marquez, 741 F.2d 1127, 1128 (9th Cir.1984).
 
 
 5
 Here, Foley alleges that prison officials failed to respond to his grievances and administered the grievance procedure in such a way as to deny him access to the courts. In light of the number of grievances filed by Foley, defendants issued a warning that he was abusing the grievance procedure and that appeals of his grievances would not be accepted. When Foley attempted to grieve the prison officials' issuance of a warning that he was abusing the grievance procedure, defendants issued another abuse of grievance procedures warning. In this warning, prison officials stated that because of the burden created by his abuse of the grievance procedure, "all administrative remedies have been exhausted."
 
 
 6
 Because Foley alleges that prison officials were refusing to respond to his grievances or accept appeals of his grievances, and because the prison officials have stated that Foley has exhausted administrative remedies, we conclude that the district court erred by dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. See Francis, 741 F.2d at 1128.[2]
 
 
 7
 Foley also contends that the district court erred by concluding that the present action was sufficiently similar to another federal lawsuit filed by Foley. See Foley v. Lewis, No. CV-94-291-CAM (D.Ariz. May 10, 1995). Although both of Foley's lawsuits contain allegations concerning the mishandling of Foley's grievances, the instant lawsuit concerns different defendants and different conduct than the prior lawsuit. In addition, the abuse of grievance procedure warning, which is central to the instant lawsuit, was issued after the previous lawsuit was filed. Accordingly, the district court erred by dismissing this lawsuit on the ground that it was a "simultaneous lawsuit[ ] about the same time periods and allegations."
 
 
 8
 Finally, Foley contends that the district court erred by concluding that the present lawsuit should be dismissed because it was related to a pending class action. See Gluth v. Kangas, 773 F.Supp. 1309 (D.Ariz.1990), aff'd 951 F.2d 1504 (9th Cir.1991). The allegations in Foley's complaint do not fall within the claims addressed by the Gluth class action. See Gluth, 773 F.Supp. at 1312. Accordingly, the district court erred by dismissing this action.
 
 REVERSED and REMANDED.[3]
 
 
 [1]
 Because Foley is proceeding pro se, he has no authority to represent the legal interest of others. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987). Although Mark Raymond Klein appears as a plaintiff in the caption of the complaint in this action, because Klein did not sign the complaint below or the opening brief on appeal, we conclude that his claims were not properly before the district court or raised before this court on appeal. See id
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 The district court did not explicitly address Foley's claim that he had been disciplined for assisting another inmate with legal research in its order dismissing Foley's case. Because allegations of retaliation by prison officials for assisting other inmates with legal matters may state a claim under 42 U.S.C. § 1983, we conclude that this claim should be reinstated upon remand. See Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985)
 
 
 [3]
 Appellees filed a motion to strike documents submitted by Foley on appeal that were not part of the record before the district court. Because we have not considered these documents in analyzing this appeal, we deny appellees' motion as moot