120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Curtis Ivan JAMES, Plaintiff-Appellant,
v.
Officer LAYTON; Officer Zuniga; Sgt. Scott; Jail
Commander, Defendants-Appellees.
 No. 96-16265.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Curtis Ivan James, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging excessive force by defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal pursuant to Fed.R.Civ.P. 41(b), see Hernandez v. Whiting, 881 F.2d 768, 770 (9th Cir.1989), and we affirm.
 
 
 3
 Here, James admitted that he did not exhaust his available administrative remedies. The district court stayed the action and provided James with an opportunity to exhaust. James submits on appeal letters which he claims he sent to the district court which explain why he failed to exhaust his administrative remedies.
 
 
 4
 Even considering the explanation put forward in these letters, we cannot conclude that the district court abused its discretion in dismissing James's action. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.1992); Francis v. Marquez, 741 F.2d 1127, 1128 (9th Cir.1984).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal